St. Andrew's Bay Land Company *vs*. Mitchell.—Statement.

THE DIRECTORS AND TRUSTEES OF THE ST. ANDREW'S BAY LAND COMPANY, PLAINTIFFS IN ERROR, v. NICHOLAS MITCHELL, DEFENDANT IN ERROR.

Parties to a contract are liable according to the form in which they respectively execute the contract. One party may be liable in an action of *assumpsit*, while the other is liable in covenant.

The form of an action against a corporation is not determined by the form in which its agent contracts, nor is it material whether an agent of a corporation is appointed by an official act under the corporate seal, or by a mere resolution of the directors.

Where a contract has been made by an agent or a committee for a corporation, it is not necessary, in a declaration upon such contract by the corporation, to allege that the plaintiff made the contract by an agent or committee.

But when an action is brought with the view of making a party personally liable, who pleads that he entered into the contract with plaintiff, as director or agent of a corporation, it is incumbent on him, in order to exonerate himself from the claim against him in his individual capacity, to aver and prove that he had authority to make the contract.

It is not necessary, for the existence of the right, that the charter of a corporation should confer the power of contracting by an agent or committee; but where the charter prescribes any mode in which the officers or agents of a corporation must act, that mode must be strictly pursued, to render their acts or contracts obligatory on the corporation.

The plaintiffs in error brought an action of covenant against N. H. Mitchell, in the Circuit Court of Walton County, upon the following instrument, signed and sealed by said Mitchell:

TERRITORY OF FLORIDA—WASHINGTON COUNTY.

This memorandum of an agreement made and entered into between the St. Andrew's Bay Land Company on the one part, and Nicholas H. Mitchell of the other part, witnesseth: That the said Company has this day leased to the said Mitchell, until the first day of January, eighteen hun-

dred and forty-five, the block or square, lying on St. Andrew's Bay, the houses and premises known as the hotel block, for and in consideration of one dollar, the receipt whereof is hereby acknowledged, and for the further consideration that the said Mitchell shall, as soon as he can, take possession of the premises, keep or cause to be kept, until the said first day of January, eighteen hundred and forty-five, an orderly and comfortable hotel, for the accommodation of such persons as may visit or move to said Bay. The said company to finish the buildings, and the said Mitchell to furnish his own furniture, and provisions, and other articles convenient for such an establishment, and to make such fencing and other arrangements as he may deem necessary, the said company furnishing the plank and nails that may be required.

The said company further agrees that, at the expiration of the term of the lease, it will purchase from said Mitchell the furniture which may be in said house, at such price as may be fixed by two persons selected by the parties, one by each, and, in case of their disagreement, an umpire selected by them.

The said Mitchell is to have the use of the house near said premises, known as Long's house, as a stable, until a stable shall be erected by the company.

Signed, sealed and delivered duplicates, this 11th day of May, 1841, the words "the said Mitchell" being inserted in the first line.

[Signed,]   The St. Andrew's Bay Land Company by

RICHARD H. LONG, [SEAL.] ⎫
WM. NICKELS,         [SEAL.] ⎬ Committee.
A. H. BUSH,          [SEAL.] ⎭
N. H. MITCHELL,      [SEAL.]

The defendant demurred to the declaration, on the ground that the action did not lie, and the Court below sustained the demurrer.

25

*Keyes*, for Plaintiff in Error.

Covenant was brought by the company against Mitchell, upon an agreement signed and sealed by Mitchell, and to which the signature of the company was made by Richard H. Long, William Nickels and Allen H. Bush, who, as a committee, signed their names, and made scrawls after them.

The objections taken upon the demurrer to the declaration were—

1. That the action was misconceived. It is answered that covenant is the remedy for breach of agreement under seal. 1st Chitty's Pleadings, 115. 1st Archbold's Nisi Prius, 250.

2. That there was a want of mutuality of contract. It is answered that Mitchell might maintain *assumpsit* upon the agreement, and, therefore, that there is no want of mutuality. The Bank of the Metropolis v. Guttchlich, 14th Peters, 19. Bank of Columbia v. Patterson's administrator, 7th Cranch, 299. 1st Archbold's Nisi Prius, 250.

3. That there was not a reciprocity of action. It is submitted that reciprocity of action is not essential to the validity of a contract. 1st Comyn on Contracts, 3, (margin.) But on the contrary, it is believed that the common law regards one remedy, when applicable, as efficacious as another.

*Yonge,* with whom was *Woodward,* for Defendant in Error.

" A contract is an agreement, upon a sufficient consideration, to do or not to do a particular thing." In this case, there is nothing to show that the *St. Andrew's Bay Company* made *any* agreement. The paper that purports to be an agreement is signed by N. H. Mitchell, of the one part, and A. H. Bush, William Nickels and R. H. Long, as a committee, of the second part. The signature is in these terms, " St. Andrew's Bay Land Company, by A. H. Bush, William Nickels, R. H. Long, Committee." They do not sign as

agents, but as committee, and there is nothing to show what powers were conferred upon that committee, or by whom they were appointed, nor is it alleged in the agreement or the pleadings, that they were the agents or committee of the company. Had it been so alleged, of course the demurrer would have admitted the fact ; but without the allegation of agency, no body is bound by the contract but the individuals themselves, to wit, Bush, Nickels and Long—certainly not the company. White v. Skinner, 13th Johnson, 307. 2d Caines' Reports, 254. 5th East, 148.

The charter of the St. Andrew's Bay Land Company confers no power to contract by committee, and still less does it confer such power on these particular persons, Bush, Nickels and Long. Not having pursued their charter, the company are not bound, and here, for want of mutuality of obligation, N. H. Mitchell is not bound. Chitty on Contracts, page 13.

It is stated in the body of the agreement, that the agreement is given under the hands and seals of the parties, which parties are stated in the body of the agreement to be N. H. Mitchell and the St. Andrew's Bay Land Company. Now, there being no seal affixed to the name of the company, but only to the names of the committee, it is not sealed by the company. Randall v. VanVechten, 19th Johnson, page 60. The intention of the parties, then, it is clear, was to make a specialty agreement, which was not accomplished. It is imperfect, incomplete and inchoate, and, therefore, not binding.

THOMPSON, *Justice*, pronounced the opinion of the Court.

The plaintiff in error, who was plaintiff in the Court below, brought covenant against the defendant in error, on an agreement which was signed and sealed by Mitchell, but which was not sealed by the company, but was sealed by the committee who represented the corporation, with their private seals.

On demurrer to the declaration, judgment was given for the defendant. At the foot of the demurrer, the following point is stated, viz: "That the form of action is misconceived herein, to wit, that the corporation, having contracted through a committee not authorized under its corporate seal, and thus not being liable in an action of covenant, the defendant is not liable in this form, but only in *assumpsit.*"

It has been further urged in argument here, that there is nothing to show that the St. Andrew's Bay Land Company made any agreement, the writing having been signed by certain persons as a committee, who do not allege that they were agents, or set forth their powers—that the charter confers no power on the company to contract by committee, and, therefore, the company is not bound, and the agreement is void, for want of mutuality.

That the action of covenant is the remedy which the law assigns for all breaches of a contract under seal, has been too long and too well settled to be doubted at this day, and there can be no reason to doubt the fact that the defendant in this case did both sign and seal the writing upon which the suit is founded—it is so alleged in the declaration, and admitted by the demurrer. But the position here seems to be, that because the plaintiff may not be liable in this form of action for any breach of the contract on his part, the defendant is not—that the respective parties to a contract can only have their remedies against each other for breaches of the same contract in the same form of action. We do not so understand the law. The parties are liable according to the form in which they respectively execute the contract—it is not necessary that the form of the remedy should be the same. In Sutherland v. Lishman, (3d Espinass' Reports, 42,) the plaintiff had sealed as well as signed the agreement—the defendant had not; the plaintiff brought his action in *assumpsit,* and Lord Eldon ruled, the objection that the action was misconceived having been taken, that the binding by deed ought to be mutual, to make it neces-

JANUARY TERM, 1851.        197

St. Andrew's Bay Land Company *vs.* Mitchell.—Opinion of Court.

sary for the plaintiff to sue in covenant; the defendant never having sealed the articles, could not be sued in that form of action, and *assumpsit* was rightly brought. In Randall v. VanVechten, 19th Johnson's Reports, 657, Platt, Justice, says that the form of an action against a corporation is not determined by the *form* in which the agent contracts, though it is otherwise in the case of individuals. He says further : " Nor will it make any difference whether the agents for the corporation were appointed under the *corporate seal*, or by a *resolution* in the journals. It may legally be done in either mode ; and whether it be in the one mode or the other, cannot vary the form of the action against the corporation."

The case of Rose v. Poulton, (2d Barnewall and Alderson, 822,) is directly in point ; the deed was intended to be executed in full by the respective parties, and there were mutual covenants ; the plaintiffs, who had not signed and sealed the deed, brought their action of covenant, and it was sustained.

As to the second point, it seems that the fact that this action is brought by and in the name of the St. Andrew's Bay Land Company, has escaped the attention of the counsel for defendant in error. The declaration alleges that the deed in question was signed and sealed by the defendant, and by him delivered to the company, and throughout treats the contract as made to and with the company—all which is admitted by the demurrer. The deed itself, of which *profert* is made, and which is filed with the declaration, states that it is a " memorandum of an agreement made and entered into between the St. Andrew's Bay Land Company on the one part, and Nicholas H. Mitchell of the other part," and it is signed " The St. Andrew's Bay Land Company by

" RICHARD H. LONG,  
" WM. NICKELS,     } Committee."  
" A. H. BUSH,

As, also, signed and sealed by the defendant.

Although it is signed and sealed by the committee, the deed professing to have been made by the corporation, the signatures of the committee will be presumed to have been made on its behalf, and this presumption will amount to full proof where, as in this case, the corporation ratifies and adopts the act, by bringing suit against the other party for a breach of the contract, as upon a contract made with *it.* Nor do we consider it necessary that the committee, acting for the corporation, should state their authority to do so, and set forth whether it was by deed or otherwise. The defendant when the contract was entered into, might have required the exhibition of the authority of the committee, or he might have waived such exhibition, and have relied on the personal responsibility of the individuals composing the committee, in the event that they had assumed to act without sufficient warrant, and the corporation had refused to acknowledge their action. But we have here to do with the declaration, which alleges that the company made the contract, and which allegation is in due form, the facts being stated according to their legal effect. It was unnecessary to allege that the plaintiff entered into the contract by an agent. Bank of Metropolis v. Guttchlich, 14th Peters' Reports, 27.

The effect of the ruling, in White v. Skinner, cited by counsel for defendant in error, from 13th Johnson's Reports, 307, is misapprehended. In that case, the defendant, who was director of a manufacturing company, was sought to be held personally liable on a contract which he had entered into, as director of the company, with the plaintiff. He pleaded in bar that he was one of the directors and an agent of the company, and had executed the agreement in that capacity, and not otherwise, of which the plaintiff had notice. On demurrer to the plea, it was held that, to exonerate himself from the claim made upon him in his private, individual capacity, he was bound to aver and prove that he had authority to seal for his co-directors, and, therefore

the plea was bad, in not setting forth that he had such authority; that if he was not personally bound, he ought, by his plea, to have shown that, upon the covenant, the plaintiff had a right of action against some other person. The difference between this case and the point in support of which it is cited, is so obvious that further comment is deemed unnecessary. There is no doubt that if the committee acted without authority, the individuals composing it would be individually liable; but that question cannot arise here, the company having adopted and ratified the act of the committee, and are here complaining of a breach of the contract by the other party thereto.

3. The remaining point to be considered is, that which alleges a want of power by the charter in the company to contract by a committee. All aggregate corporations from necessity must act and contract through and by means of agents, but we have never thought it of any importance by what name or description the agents were known and designated. The agent or agents employed may be called president, director, trustee, cashier, or secretary, or even a committee, without altering substantially their character as agents. Where the charter or act of incorporation prescribes the mode in which the officers or agents of a corporation must act, to render their acts or contracts obligatory on the corporation, that mode must be strictly pursued; but we do not understand from the charter of this company that there is any particular mode prescribed by which it is to contract within the limits of its authority, nor is there any particular officer designated whose sanction or signature is necessary to give validity to the act. In the Bank of the Metropolis v. Guttchlich, 14th Peters, 27, the agreement had been made by the president and cashier of the bank, and the objection was, that the act was not within the competency of those officers as such. The Court says, "it was unquestionably in the power of the bank to give authority to its own officers to do so." From the charter of

Nicholas Mitchell *vs.* St. Andrew's Bay Land Company.——Points Decided.

this company, we do not see any objection to the authorization of a committee to make the agreement in question for it. It might well be questioned whether this position, if well founded, properly comes up on this demurrer book, but we have considered it as if it was rightfully presented, and do not think it sufficient.

Upon the whole record, we are of opinion that the Circuit Court should have overruled the demurrer, the declaration and the matters therein set forth being clearly sufficient to enable the plaintiff to sustain the action, and, therefore, we order and adjudge that the judgment of the Circuit Court, sustaining the demurrer of defendant to plaintiff's declaration, be reversed and set aside, and the cause remanded to the Circuit Court of the Western Circuit, sitting in and for the county of Walton, with authority to said Court, upon application of defendant, to give leave to answer over to said declaration, and for such other and further proceedings as may be necessary and proper in the premises.

Judgment reversed, with costs.