DEWALL and wife *vs.* COVENHOVEN.

The wife, by her next friend, may file a bill against her husband, or against her husband and a third person, to protect her separate estate, or to prevent her husband and others from depriving her of a support out of property which belongs to her in equity, although the husband has the right at law to sue for and control such property.

But where a bill is filed by the husband, in the name of himself and wife, for the recovery of her property, it is his suit, and if he releases to the defendant the demand for which the suit was brought, the suit cannot be continued in the name of the husband and wife, but must be dismissed. And if the execution of such release was a fraud upon the rights of the wife, she must commence a new suit, by her next friend.

A bill filed by the husband, in the name of himself and wife, although for a claim in right of his wife, is considered as the bill of the husband. If he dies before a decree in the cause, the widow may proceed in the suit, or not, at her election; and if she refuses to proceed, she is not liable for costs.

THE bill in this cause was filed for the purpose of recover- March 15; ing certain property which, as was alleged, the defendant held in trust for the wife and children of the complainant Dewall, and which had been given by the father of his wife for their support. The defendant pleaded that subsequent to the commencement of the suit, the complainant Dewall, in consideration of the sum of $100, freely and absolutely released and discharged the defendant of, and from all demands which the said Dewall had or could have, or which he and his wife had or could have against the defendant, for any cause whatever; a copy of which release, under the hand and seal of the complainant Dewall, was set out at large in the plea.

*G. B. Judd,* for the complainants.

*Daniel Cady,* for the defendant.

THE CHANCELLOR. The question whether the release of the husband is a complete and effectual bar to the equitable rights of the wife and her children, in a case like the present, does not properly arise upon this plea. So far as the rights of the husband are concerned, he has an unquestionable author-

ity to release and discharge them ; and he is estopped, by his deed, from insisting, in a suit prosecuted by himself, that the release executed by him was a fraud upon the equitable rights of his wife and children. If the allegations in this bill are true, the children of the complainants, as well as their mother, are interested in the alleged trust, and are necessary parties.

The wife, by her next friend, may file a bill against her husband, or against her husband and a third person, to protect her separate estate, or to prevent her husband and others, from depriving her of her equitable provision for a support out of property which belongs to her in equity, although the husband has, at law, the legal right to sue for and control it. But a bill filed in this court, in the name of the husband and wife, is in fact the bill of the husband. (*Pawlet* v. *Delaval*, 2 *Ves. sen.* 666. *Griffith* v. *Hood, Idem,* 452.) If the husband dies before a decree in the cause, she may proceed in the suit, or not, at her election. And if she refuses to proceed, she is not liable for costs. (*Breedon* v. *Vaughan,* 2 *Dickens,* 566. *Mitf. Pl.,* 4 *Lond. ed.* 59.) This being the husband's suit, he had a right to release it, so far as to bar the further prosecution of the suit in his name. And if that release was a fraud upon the rights of the wife, she must institute a new suit, against her husband and the present defendant, by some responsible person as her next friend, to set aside the release, and to obtain her rights. The plea is allowed, and the bill must be dismissed ; but without prejudice to the rights of the wife, if she has any.