PHILENA E. SMITH, APPELLANT, VS. HIRAM R. SMITH, APPELLEE.

1. A married woman cannot in this State maintain a suit in her own name, but must sue by next friend, unless in cases where she has been licensed by the Circuit Court to transact business in her own name as provided in Chapter 3130, Laws of 1879.

2. Although it may be within the power of this court to remand the cause to the Chancellor, with directions to allow an amendment by substituting a next friend to prosecute the suit, yet, where upon looking at the pleadings and testimony, if no case is made out entitling the complainant to a decree, the decree of the court dismissing the bill will be affirmed.

Appeal from the Circuit Court for Alachua county.

The bill states that the said defendant purchased certain real estate near the town of Leesburg, in the county of Loudon, in the State of Virginia, for which he was to pay the sum of one thousand dollars; that defendant received from complainant's uncle's estate, her separate property, at one time two hundred dollars and at another, from oratrix's father's estate, one hundred and thirteen dollars, which said amounts were paid by said H. R. Smith as part purchase-money for said property; that afterwards, to-wit, in July, A. D. 1873, there being still due and unpaid on said property more than five hundred dollars in the form of a mortgage, one Frederick Tozer, of Waverly, New York, uncle to complainant, removed and paid up said incumbrance or mortgage, and on his decease willed the same, by his last will and testament, to your oratrix as her separate property and estate, yet, notwithstanding the fact that the purchase-money as aforesaid for said property was the separate estate of complainant, the said defendant took title to the same in his own name contrary to the wishes of oratrix, and the protest of oratrix's friends and relatives; that afterwards, in January, A. D. 1877, the said defendant

sold and conveyed the said mentioned real estate for the sum of eight hundred dollars, and removed to Florida, and with the proceeds arising from the sale of the said property purchased a certain tract or parcel of land situated in the town of Gainesville, describing it, for the sum of two hundred and fifty-five dollars, and again took the title in his own name contrary to the wishes and desires of your oratrix. But, on the contrary, when the subject was referred to would invariably assert that he would not have property in the name of your oratrix; that he would not have a wife who so wanted property in her own name and right. To all of which sayings and doings your oratrix quietly submitted in order to avoid family feuds and troubles; that the said defendant is now confined in the prison of the county upon a grave and heinous criminal charge, unnatural as well as criminal in its nature, and she cannot longer live with him, but is fully determined to separate from him forever.

There was a demurrer to the bill, but it was overruled by the Chancellor.

The defendant's answer admits that he did purchase some real estate near the town of Leesburg, Virginia, about the date alleged, at about the price of one thousand dollars, but denies that he ever at any time received any money either from the complainant's uncle's estate or from the complainant's father's estate as her separate estate or property, and he denies that any of the complainant's separate property, money or estate ever went into the purchase of or in payment for the real estate purchased by this defendant near Leesburg. He also denies that Frederick Tozer, the alleged uncle of the complainant, ever paid off or bequeathed by will to the complainant herein any mortgage that rested as a lien upon the property in Virginia purchased, and says that if the said Frederick Tozer ever held

or owned any mortgage upon said property the amount thereof was paid off and discharged by defendant in work and labor performed for the said Tozer at his request, and that if the said Tozer ever bequeathed by will to the complainant herein any such mortgage the same was a worthless and valueless bequest, the same having been fully discharged and paid by this defendant before any will of the said Tozer became operative in which the said mortgage could have been bequeathed to the complainant herein.

He admits that the title to said real estate in Virginia was in defendant's name, " as it rightly should and ought to have been," but denies that taking the title in his own name was contrary to the wishes at that time of the complainant or of her friends or relatives, but says that even if it was it cannot avail the complainant anything herein since said property in Virginia was purchased and paid for by this defendant with his own funds, work and labor.

He admits that he did at about the time mentioned in the bill sell and convey the real estate in Virginia, and that he removed to Florida, and that with a portion of the proceeds of the sale of his Virginia real estate, he, this defendant, did in part purchase and pay for the real estate situated in the town of Gainesville, Florida, at the price of two hundred and fifty-five dollars, and he admits that he took the title to the same in his own name, " as he should and ought to have done;" but denies that any of the purchase-money which went into the payment for said real estate in Gainesville was ever owned by, or was ever the separate property of the complainant herein, or that the complainant herein was ever in any way entitled to any portion of the said purchase-money. He says that the taking of the title to the said Gainesville, Florida, real estate in this defendant's own name may have been contrary to the wishes of the complainant, he now doubts not but that it was

against her wishes, but says that this cannot avail the complainant anything herein, since said property was wholly purchased and paid for by this defendant with his own funds.

He admits that he is now confined in the prison of the county, and *charged* too with a crime the most grave, heinous and unnatural, but says that never having yet been either tried or convicted of said charge, this he consoles himself, not only with his own self-consciousness of his entire innocence of said charge, but also with the remembrance of that humane maxim of the law, " that a man is always presumed to be innocent until he is proven to be guilty," and says he deeply regrets that his wife, the complainant in this suit, should thus in her bill exhibit a willingness more swiftly to condemn this defendant upon said charge than the law itself.

He makes the usual denial of everything not otherwise answered, confessed, traversed and avoided or denied.

There was replication, and the cause was referred to a Master to take testimony.

The complainant testified that the defendant received from her uncle, Frederick Tozer, through his will, the sum of five hundred and thirty-one dollars and several years' interest; says she is the identical person named in the will, and the bequest was made to her personally; defendant received other moneys, affiant's personal property, one hundred and forty dollars on sale of melodeon, given to her by her uncle, Frederick Tozer, and $50 for sale of a cow, given affiant by F. Tozer, and one hundred and thirteen dollars arising from affiant's father's estate, John S. Tozer, and that each and all of these moneys were paid by defendant on the Virginia property. The property was sold by defendant, Smith, and she received none of the proceeds of such sale. It sold for eight hundred dollars. He used the pro-

ceeds of said sale in the removal from Virginia here, buying the property in Gainesville, Fla., and in improving the same; he used, for his own purposes and benefit, the balance of the proceeds of the sale of the Virginia property.

She " persistently contested against H. R. Smith taking the titles of both the property in Virginia and Florida in his own name," and only yielded to keep the peace. He had no money for the purchase of either parcels of property except what came from her father's and uncle's estates, and sales of her property. She states that it is her purpose to separate from him, and *has* separated from him.

Complainant put in evidence a transcript of the record from Loudon county, Virginia, of a deed from herself and defendant to Geo. K. Fox, Jr., dated June 24th, 1870, conveying land in said county to Fox as trustee to secure the payment of a bond for $531, of even date, executed by defendant, payable to Alfred Bennet five years after date, with power in Fox to sell, &c. ; also a deed from between Fox of the first part and the executors of F. Tozer of the second part and defendant of the third part, whereby said trust is released, the said Tozer, to whom said bond had been assigned, having, by his last will and testament, bequeathed the same to complainant ; also a transcript of the said will and testament from Kings county, New York, by the fourth item of which will such bequest was made and release directed.

*Thrasher & Hampton* for Appellant.

*Taylor & Sanchez* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

This was a bill filed by appellant, who is a married woman, residing in Florida, against her husband, who is also a resident of this State. The bill is brought for the pur-

pose of obtaining a decree declaring certain real property heretofore conveyed to him declared to be and set apart to her as her separate estate and property, and authorizing her to sell, convey and dispose of the same as she may deem proper. The alleged ground of such prayer is that the property was purchased with money which was the proceeds of her separate property in Virginia. The Chancellor decreed upon the bill, answer and testimony that she had failed to make out her case and dismissed the bill, whereupon she appealed.

It is the well established law and the universal practice of the courts that a married woman cannot maintain a suit in her own name, but must sue by her next friend. 1 Dan. Chy. Pr., 5 Am. Ed., 108; Story's Eq. Pl., §§61, 63 ; 2 Vesey, Sr., 452; 5 Paige, 581; 8 Wend., 357; 3 Paige, 440.

The only exceptions to the rule were in cases where the husband had been banished, or had abjured the realm, or been transported for felony. Under an act of March 11, 1879, married women may be licensed and empowered by the Circuit Court to transact business in their own names, and to sue and be sued, as if they were unmarried. (Mc-Clellan's Dig., 756.) This is the only law of this State authorizing suits by married women alone.

No objection was taken by the appellee (defendant) to the manner of bringing this suit, but we cannot, by our silence, permit or endorse such a violation of well established law.

The Chancellor might have allowed an amendment, so as to have cured that difficulty, (3 Paige, 440,) and we may have the power to send the case back with instructions to allow the amendment, but, looking at the pleadings and testimony, we do not think such a case is made as would warrant a decree granting the prayer of the bill.

The decree is affirmed.