### No. 10,190.

### NICHOL *v.* HENRY.

ASSIGNMENT OF ERROR.—*Names of Parties.*—It is unnecessary for a cross assignment of errors to contain the full names of the parties.

MORTGAGE.—*Foreclosure by Assignee.—Complaint.—Parties.—Endorsement.*— A complaint by an assignee to foreclose a mortgage, which merely avers that the mortgage was endorsed to him, without stating by whom, is not good as against a demurrer for defect of parties, because the mortgagee is not made a defendant.

SAME.—*Endorsements.—Exhibit.*—Where several endorsements appear upon the mortgage, but the complaint makes no reference to them, its averments can not be aided by them.

SAME.—*Allegations of Complaint Against One Claiming Title.*—The mere averment in a complaint to foreclose a mortgage against a person other than the mortgagor, that " he is now the owner of the land," is not sufficient to show that the mortgage constitutes a lien upon the land as against him, as he may have acquired the land before the mortgage was executed.

SAME.—*Record.—Index.—Constructive Notice.*—A mortgage which is spread upon the mortgage record, and duly indexed in such book, is constructive notice to a subsequent purchaser for value, though it is not entered in the entry-book or indexed in the general index.

From the Madison Circuit Court.

*M. S. Robinson, J. W. Lovett* and *A. W. Thomas,* for appellant.

*E. P. Schlater, A. B. Young, J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellee.

BEST, C.—This action was brought by the appellant against the appellee to foreclose a mortgage. The complaint averred in substance, that on the 17th day of October, 1860, George F. Chittenden executed to John H. Chittenden a mortgage

upon the east half of lots fourteen (14) and seventeen (17), in Anderson, Madison county, Indiana, to secure the payment ·of $800 on the 25th day of December, 1862, which mortgage was duly recorded in said county on said day; "that said defendant is now the owner in fee simple of said real estate," .and "that said mortgage was assigned to this plaintiff by endorsement on the back thereof before this suit began," and that the sum secured by said mortgage, with interest thereon, is due and remains wholly unpaid. Wherefore, etc.

A demurrer to the complaint for the want of facts and for defect of parties was overruled. An answer of nine paragraphs was filed. A demurrer was sustained to the fourth and fifth paragraphs and a reply in denial of the others put the case at issue. The cause was submitted to the court for trial, and, upon request, the facts were found, and the court concluded, as matter of law, that the appellant was entitled to a foreclosure for $298. Each party excepted to the conclusion of law.

The appellant insists that the court erred in concluding that no more was due him upon the facts found.

The appellee, by a cross assignment of errors, insists that the court erred in overruling the demurrer to the complaint, in sustaining the demurrer to the fourth and fifth paragraphs of the answer, and in concluding that anything was due appellant upon the facts found.

The cross assignment of errors does not contain the full names of the parties; and for that reason the appellant suggests that the same can not be considered. We think otherwise. The rule of this court as to an assignment of errors ·does not apply to a cross assignment. No process need be served, and no reason occurs to us why such assignment should contain the names of the parties. It was sufficient for the appellee to allege that errors were committed against him, and, as this was done, these alleged errors must be considered.

The demurrer to the complaint, as before stated, was for the want of facts, and for defect of parties. Among others named in the demurrer as necessary defendants was John H. Chit-

tenden, the mortgagee. The appellee insists that it is not averred that the mortgage was transferred by endorsement by the mortgagee, and hence he was a necessary party defendant.

Our statute provides that " When any action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment or his interest in the subject of the action." R. S. 1881, sec. 276.

This statute requires the mortgagee of any mortgage, in an action by an assignee, to be made a defendant unless such instrument has been assigned by endorsement in writing. This endorsement must be made by the mortgagee. In case such instrument is assigned by delivery, and such assignee assigns such instrument by endorsement to a second assignee, the latter must, in an action to foreclose the mortgage, make the mortgagee a defendant to answer as to his interest in the subject of the action. This must be done, though the instrument has been endorsed by an assignee. The averment is that the "mortgage was assigned to this plaintiff by endorsement." By whom endorsed is not averred. Unless it was done by the mortgagee he was a necessary party defendant, upon objection made. To avoid making him a defendant it was necessary for the appellee to allege that he had transferred the mortgage by endorsement. As this was not done it follows that the complaint was not sufficient as against the objection made, and that the court erred in overruling the demurrer. *Treadway* v. *Cobb*, 18 Ind. 36.

There are two or three indorsements in the transcript following the complaint, but there is no reference to them in the complaint, and its averments are in no manner aided by them. Its sufficiency must be determined without reference to them. *Stafford* v. *Davidson*, 47 Ind. 319; *Williams* v. *Osbon*, 75 Ind. 280.

It also appears to us that the simple averment, that the " defendant is now the owner of the land," is not sufficient to show

that the mortgage constitutes a lien against him, as it does not follow from such fact that he acquired the land subsequent to the execution of the mortgage. This objection is not made, but, as the complaint must be amended for the defect already indicated, it should also be amended in this respect.

The fourth paragraph of the answer averred that the appellant purchased the land for full value, without actual knowledge of the existence of the mortgage, and that no entry was made by the recorder in the entry-book of the recorder's office.

The fifth averred that the appellant purchased the land for full value, without any actual knowledge of the existence of the mortgage, and that the same was not indexed in the general index of mortgages.

The averment in the complaint is that the mortgage was duly recorded, and as these paragraphs merely aver that the same was not noted in the general index, and was not entered in the " entry-book," it sufficiently appears that the mortgage was spread upon the mortgage record, and was indexed in the volume in which it was entered, and the question presented is whether such record is constructive notice to a subsequent purchaser. The statute in force at the time this mortgage was thus recorded provided that " Every conveyance or mortgage of land, or of any interest therein, * * shall be recorded in the recorder's office of the county where such lands shall be situated, and every conveyance or lease, not so recorded in forty-five days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser, * in good faith, and for a valuable consideration." Sec. 16, 1 R. S. 1876, p. 365.

The 29th section of the same act provides that " Every recorder of deeds shall keep a book, each page of which shall be divided into five columns, headed as follows, to wit:

| "Date of Reception. | Names of Grantors. | Names of Grantees. | Description of Lands. | Vol. and page where recorded. |
|---|---|---|---|---|

"And the recorder shall enter in said book, all deeds and other instruments left with him to be recorded ; noting in the

first column the day and hour of receiving such deed or in-strument, and the other particulars in the appropriate column; and every such deed or instrument shall be deemed as recorded at the time so noted."

The first section of the act of February 16th, 1852, as amen-ded, provides "That each recorder in this State is hereby authorized and required, within a reasonable time after the passage of this act, to make out, where the same has not been done, a complete or general index to all the records of deeds for real estate in his office. Such index shall be double, giving the name of each grantor and grantee alphabetically, a concise description of the premises, the date of the deed, together with the number or letter of the book, and the page in which each deed is recorded." 1 R. S. 1876, p. 757. See R. S. 1881, sec. 5938.

Section 2 of the same act provides that a like index shall be made to all the records of mortgages upon real estate in the same manner, except that the headings prescribed shall be so changed as to suit mortgages.

Section 4 of the same act as amended provides that "After the completion of such indexes, it shall be the duty of such recorder to keep up such index in the manner aforesaid, as deeds and mortgages shall from time to time be recorded, without any compensation beyond or apart from the fees allowed by law for recording such deeds or mortgages." 1 R. S. 1876, p. 758.

These are the only acts bearing upon the question under consideration, and it seems to us manifest from the mere read-ing of them, that the entries required to be made in the " entry book " and the general index do not constitute a part of the record of any instrument required to be recorded. The en-try required to be made in the fifth column of the " entry book," to wit, " volume and page where recorded," not only indicates that this entry is not the record nor a part of it, but shows very clearly that the instrument is recorded else-where. Nor does the general index constitute a part of the record. Many instruments had been recorded before the law was enacted requiring such index to be made. As to them

it constituted no part of the record, and its purpose was to enable those who desired to search the records to find such instruments as were recorded. Nor does it constitute a part of the record of such instruments as have been recorded since it was required to be made. The language of the law is that the recorder shall keep up such index, as " deeds and mortgagees shall from time to time be recorded." This language does not indicate that the index is any part of the record, but clearly implies that the record is complete without it. A record must be made before an index can be made to it, and as there is nothing in our statutes indicating that such record is not complete until the index is made or until entries in the " entry book " have been entered, we think such record will charge a subsequent purchaser with notice of the contents of such record.

In *Bishop* v. *Schneider,* 46 Mo. 472 (2 Am. R. 533), under statutes similar to ours, it was held that the record of a deed was constructive notice to a subsequent purchaser, though the officer failed to index it; and in *Chatham* v. *Bradford,* 50 Ga. 327 (15 Am. R. 692), it was held that the record of an instrument was complete without an index, though the officer was required by statute, like ours, to make one. These cases strongly support our conclusion.

The purpose, as we think, of requiring entries in an " entry book " and an index to be made, is to facilitate an examination of the records, and not to protect the interests of those whose conveyances are recorded ; and in such case the failure of the officer to make the entries and to make the index, or either of them, will not prejudice the title of the grantee or mortgagee. Cooley Torts, p. 387, and authorities cited.

We are, therefore, of opinion that no error was committed in sustaining the demurrer to either of these paragraphs of the answer.

Several other interesting questions, arising upon the facts found, have been discussed, but as the issues must be reformed and the case retried, these questions may not again arise, and

it is, therefore, unnecessary to consider them. For the error in overruling the demurrer to the complaint the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellant's costs, with instructions to sustain the demurrer to the complaint, with leave to amend.