F. J. McCoy, Appellant, vs. Louis Boley, Appellee.

1. An omission to state the name of a defendant in the introductory part of a bill in equity, under Equity Rule 17, is ground of special demurrer. Objection on account of such omission cannot be made under a mere general demurrer ; nor can such objection be urged in the Appellate Court when the record does not show that it was presented and passed upon in the lower court.

2. An allegation in a bill to foreclose a mortgage that a defendant's interest, if he has any, has accrued since the mortgage and is subject to the lien thereof, sufficiently shows that he is a proper party, and is not demurrable as stating no cause of action against him.

3. An instrument executed by one member of a partnership in the firm name and legally binding upon the partnership and entitled to be recorded under the registry statutes of Florida, may be admitted to record upon the acknowledgment of the partner who executed it. (Sanders vs. Pepoon, 4th Florida, 465, approved but distinguished.)

4. The statutory requirement that an officer taking the acknowledgment of an instrument for record, shall know or have satisfactory proof that the person making the acknowledgment is the individual described in, and who executed the instrument, applies only to cases in which the instrument has been executed or is acknowledged out of the State.

5. A mortgage duly recorded is not void as between the parties to it, or as to a third person whose claim is not based on a valuable consideration, from the fact that it permits the mortgagor to sell personal property covered by it without accounting to the mortgagee for the proceeds.

Appeal from the Circuit Court for Escambia county.

The appellant, in April, 1884, filed his bill of complaint, alleging that on January 7, 1884, " C. H. LaCoste and R. A. Terry, copartners in the business of operating a saw mill, the entire machinery of which the said LaCoste claimed to have purchased from the manufacturers, of Cincinnati, Ohio, known as the Blymer Manufacturing Company, and alleged the same to be free from incumbrances, which said saw mill the said C. H. LaCoste and R. A. Terry were operating under the firm or copartnership name of LaCoste & Terry, in the county of Escambia, and State of Florida, near Pensacola," and that LaCoste & Terry being indebted to complainant in the sum of $659.70, executed to him their promissory note for the sum stated and interest, payable March 1, 1884, and that to secure its payment the said LaCoste & Terry executed to complainant a mortgage " on all the machinery and other property of the said copartnership situated at or near said saw mill in the county and State aforesaid," and that said mortgage was on the day of its execution, January 7, 1884, duly recorded in the clerk's office of said county. That the mortgage was accepted in good faith and wholly without notice of any incumbrance on the property described therein, and that there is no record in Escambia county, where all the

property was then situated, indicative of any such incumbrance at the time of the execution or recording of said mortgage; that there has been no payment of either principal or interest of the debt.   The bill also alleges " upon information and belief that one Louis Boley, of the county of Escambia, and State of Florida, has, or claims to have some interest, (the precise nature whereof is unknown to your orator,) in the mortgaged property aforesaid as a purchaser or otherwise; but said interest, if any there be, has accrued since the said property described in said mortgage was mortgaged to your orator by the said LaCoste & Terry, and since the recording of said mortgage, aforesaid, and is subject to the lien of said mortgage."

The original note and mortgage were annexed to the bill as part thereof.

The property mortgaged is described in the mortgage as follows: " A certain saw mill containing all the machinery and apparatus necessary for running same, for sawing and cutting lumber, &c., to wit: a Blymer engine and mill of 28 horse power capacity, and boiler of same make, one large and one small saw, saw frames, and the shaftings connected with said saws, with the mill house, roller, roller frames and tracks and all logs and sawn lumber on the premises on which said saw mill is situated, all goods, wares and merchandise in a certain store house situated on the premises near said mill, consisting of groceries, dry goods and cattle feed, and such goods, wares and merchandise and feed as may be purchased to replenish said stock of goods until the said indebtedness is fully settled.   The mortgage says the mill and other property and articles are situated on land leased from Louis Boley by the mortgagors, and describes the land, it being in Escambia county.

The mortgage appears to have been acknowledged for re-

cord by "C. H. LaCoste, a member of the firm of LaCoste & Terry."

The note and mortgage are signed "LaCoste & Terry."

The bill prays that Boley and the other defendants may be required to make full and direct answers, and for a fore-closure and sale, and process of subpœna.

Boley demurred to the bill because it makes no such case as in equity entitles complainant to discovery or relief. The Chancellor, by decree of December 9, 1884, sustained the demurrer, with leave to plaintiff to amend by rule day in January, 1885, and in default the bill to stand dismissed as to Boley.

The complainant has appealed.

*J. P. Jones* and *J. E. Yonge* for Appellant.

*John C. Avery* for Appellee.

The bill of complaint is demurrable for the following reasons:

I. The introductory part of the bill is not in form substantially such as is required by rule 17, established in 1883, by the Supreme Court for the government of the Circuit Courts in suits in equity; and the name of appellee (Boley) is not contained therein.

II. The original mortgage, which is made a part of the bill, purports to be the joint act of both partners, and they are individually named in it as the parties to execute it. They appear to have signed the copartnership name, which they had a right to do.

In order then to entitle the instrument to record, it should have been acknowledged by both mortgagors, or its execution legally proven in some other way. The only proof of its execution is the acknowledgment of one person.

Of course it is competent for one partner to mortgage the partnership property. Parsons on Part., 95, (marg.), and notes.

But in such a case he should act in the name of and as agent for the firm.

This mortgage shows that it was intended, before it should take effect, that it should be the perfect and complete joint act of both partners, and ought not to be given effect in the condition we find it, unless something is shown indicating a change of such intention. All that we find in that direction is the neglect of the mortgagee to obtain the acknowledgment of one of the mortgagors, or else a determination on the part of the mortgagors not to complete the act which they had commenced.

The Notary does not even state in his certificate that the C. H. LaCoste, who did make acknowledgment before him, was in fact known to him as one of the persons named in the mortgage as a mortgagor.

The paper was not entitled to record without legal proof of acknowledgment. McClellan's Dig., p. 215, §6 ; Ibid, p. 213, §1.

The record can only be constructive notice to subsequent purchasers and creditors when legally made. Story's Eq. Jur., §404, and note.

No actual notice of the mortgage is charged.

III. The mortgage is fraudulent in law and void, because it shows upon its face that the alleged mortgagors were to have the right to sell in business, without being required to account to the mortgagee for, a part of the property claimed to have been mortgaged, to wit: Goods, wares and merchandise, * * * dry goods, groceries and cattle feed. Such intention is evidenced by the expression " and such goods, wares and merchandise and feed, as may be purchased to *replenish* said stock of goods." There could be no

replenishing without a previous reduction or depletion. There is consequently a very clearly implied consent and stipulation that the stock of goods were to be dealt with in business, as before, without any agreement that the proceeds of their sale must be paid to the mortgagee or even that the stock *must* be *replenished*.

The transaction may have been fair enough, but the law condemns it because it is just such a one as may be, and often is, successfully resorted to by dishonest debtors, with the assistance of a friend, with a view to hindering, delaying and defrauding creditors.

It furnishes no real security to a *bona fide* creditor, because, after all, he must depend upon his debtor's honesty when he is invested with such power and bound by so little restraint.

The debtor, however, could, through the instrumentality of such a mortgage, hold honest creditors at defiance, unless they were able to unearth the fraud, which in most cases is impossible.

Therefore the law forbids the transaction, as one fraudulent in law, *per se*, without reference to the intent which inspired it.

The weight of authority now seems to be in favor of holding mortgages void, where the right to sell the mortgaged property is given to the mortgagor, no matter what disposition of the proceeds of the sale is agreed upon.

Almost every decision is against mortgages in which this right is given the mortgagor without the requirement that he shall pay over to, or account with the mortgagee for the proceeds of such sales as may be made of the mortgaged property. Robinson vs. Elliott, 22 Wall., 513 ; Orton vs. Orton, 7 Or., 478; s. c., 33 Am. Reps., 717 ; Collins vs. Myers, 16 Ohio St., 547 ; Peiser vs. Peticolas, 50

Texas, 638; s. c., 32 Am. Reps., 621; 10 Central Law Journal, 281; 1 Smith's Lead. Cases, 52.

Statutes such as ours, giving the mortgagor the right of possession of the mortgaged property and requiring registry in lieu of delivery of possession, do not affect the rule. Robinson vs. Elliott, 22 Wall., 513.

If the mortgage is, for the reason just stated, void as to the merchandise or stock of goods, then the taint extends to the whole instrument and it is void *in toto*. The instrument is an entirety. Wait on Fraud. Con., §194 and 434; Russell vs. Wynn, 37 N. Y., 591; 6 Hill, 458; 6 Wend., 415; 101 U. S., 111; 34 N. J. Eq., 187; 21 Wall., 441; 10 Conn., 50; 14 Ala., 55; 4 Yerg., (Tenn.,) 541; 14 Johns., 458; 5 Penn. St., 452; 23 N. H., 385; Basnett vs. City of Jacksonville, 18 Fla., 664.

MR. JUSTICE RANEY delivered the opinion of the court:

I. The first objection urged to the bill of complaint, in the appellee's brief, is that his name is not stated in the introductory part of the bill, as a defendant, and that therefore, the bill is demurrable. Equity Rule 17 requires that the names and places of abode of all parties be stated in the introductory part of the bill. A failure to so state the name is a ground of special demurrer, and the objection cannot be made under the general demurrer filed in this cause, nor urged in the appellate court in the absence of anything in the record, showing that it was insisted upon in the lower court. Keen vs. Jordan, 13 Fla., 327; Story's Eq., Plead., §§527, 528; Thompson vs. Maxwell, 16 Fla., 777. Praying for process against this party specially by name in the prayer for process would not have cured the above defect had it beeen properly presented as a ground of demurrer.

II. In Jones on Mortgages, §1473, it is laid down that an allegation in the bill that a person made a defendant has, or claims to have, a lien on the premises, which, if it exists, is subsequent to the plaintiff's mortgage, sufficiently shows that he is a proper party; and such allegation is not bad on demurrer as stating no cause of action against him. This is the rule adopted in New York, the rule formerly obtaining there, requiring a statement of the particular interests of subsequent and inferior claimants, and an ascertainment of the same before a decree of foreclosure could be rendered, having been abrogated. 4 Paige, 84; 9 Id., 538. See, also, Bowen vs. Wood, 35 Ind., 268.

In Martin vs. Noble, 29 Ind., 216, there was as to Martin simply a prayer that a tax deed to him be declared void and set aside. He demurred to the complaint for want of sufficient facts. The Supreme Court overruled the lower court and sustained the demurrer as there was no averment whatever against Martin, and no reason shown for making him a defendant, holding that while it is true that one may be made a defendant to answer as to interest in the property, it must, at least, be alleged against him *that* he either *has* or *claims* some interest.

In Short vs. Nooner, 16 Kansas, 220, the allegation against Nooner was that he has or claims to have some interest or lien upon said premises, as described in the mortgage deed, but that plaintiff is ignorant of the nature and extent thereof, and does not know whether Nooner has any subsisting lien upon the premises. It was held that the petition did not state facts to sustain any judgment against Nooner, and especially one barring all right, title and interest in the premises. The reason for this conclusion as to the complaint, is that " it lacks an allegation showing that Nooner's claim is *junior* or *inferior* to the mortgage lien of the plaintiff."

The bill before us does not lack such an allegation, but expressly states that Boley's interest, if he has any, has accrued since the property was mortgaged, and since the recording of the mortgage, and is subject to the lien of the mortgage. We think the bill shows that Boley is a proper party.

III. The next objection to the bill is that " the original mortgage, which is made a part of the bill, purports to be the joint act of both parties, and they are individually named in it as parties to execute it. They appear to have signed the copartnership name, which they had a right to do." It is urged that both of the parties, instead of one, should have acknowledged the execution to entitle the instrument to record under our statute; and while it is admitted that it is competent for one partner to mortgage partnership property, it is contended that he should act in the name of and as agent for the firm, and further, that " this mortgage shows that it was intended before it should take effect that it should be the perfect and complete joint act of both partners, and ought not to be given effect in the condition we find it unless something . is shown indicating a change of such intention  *  *. " It is also objected that the Notary's certificate of acknowledgment does not state that LaCoste, who made the acknowledgment, was in fact known to the notary as one of the persons named in the mortgage as a mortgagor.

If it is meant that the mortgage purports upon its face that both partners were actually to participate in the physical execution of it, we do not concur with counsel. There is nothing in the body of it so indicating. The commencement of the instrument is as follows: " Know all men by these presents, that we, C. H. LaCoste and R. A. Terry, copartners, doing business in saw-milling, in the county of Escambia, and State of Florida, under the co-

partnership name of LaCoste & Terry, for and in consideration that the said copartnership firm is indebted to F. J. McCoy, (here follows a description of the debt and the promissory note evidencing the indebtedness,) do, hereby, bargain, sell and convey to the said F. J. McCoy, the following described property, to-wit." Then follows a description of the property and the *habendum*, and then the defeasance. Immediately after these is the date and then the signature, "LaCoste & Terry," which is not preceded by the usual conclusion of "In testimony whereof," &c. It is witnessed thus: "Witness, J. P. Jones, Wm. Fisher." We see nothing in the introductory clause inconsistent with the idea that the firm name should be put by either of the partners, or inconsistent with an intention that the execution of the instrument should be made in any manner which would legally bind the firm. Had it been intended that the mortgage should be executed by a third party as agent under a power of attorney from the firm, the identical introductory clause, and the entire instrument preceding the signature, would have been proper. It does not appear from the body of the instrument, otherwise than the handwriting of the signer would indicate, who actually signed the copartnership name. It is to be presumed from the signature that one partner did the physical work of signing it. It is not denied, if it could be upon the state of the pleadings, that it is in law independent of the question of record, the binding act of the partnership, and it is expressly admitted that it is competent for one partner to mortgage the partnership property. The bill nowhere alleges that both partners actually participated in the execution, but it declares in an ordinary manner upon the instrument as in legal effect the binding act of both members of the firm. The certificate of acknowledgment, which is as much a part of the bill as is

any part of the mortgage, states that LaCoste, a member of the firm of LaCoste & Terry, acknowledged that he executed it for the uses and purposes therein expressed. Considering the whole bill, including the exhibits, which are expressly made a part of it, we see nothing indicating that both individual partners were to actually execute it, or that it was intended that before it should take effect it should be the perfect and complete joint act of both parties, by either both of them actually executing or acknowledging the execution thereof.

There is nothing in the objection that the Notary's certificate does not state that LaCoste was in fact known to the Notary as one of the persons named in the mortgage as mortgagor. It states that LaCoste is a member of the firm. The section of the statute requiring that the officer taking acknowledgments shall know or have satisfactory proof that the person making it is the individual described in, and who executed, the instrument, applies only to cases where the instruments covered by it have been executed or acknowledged out of this State. It is not pretended that this mortgage was either executed or acknowledged outside of Florida.

It being admitted in argument that one partner may mortgage the property of the firm, and this mortgage appearing to have been executed by one member, and being alleged to be in law the act of the firm or both parties, and the demurrer admitting that it is the legal act of the firm, the question arises whether a mortgage lawfully executed by one member of a firm, can, under our statute, be admitted to record upon his acknowledgment.

In Sanders vs. Pepoon, 4 Fla., 465, the instrument called a mortgage was executed by both partners. Mr. Justice Thompson, delivering the opinion, says : " One of the parties only appeared before the Clerk of the Circuit Court

and made the acknowledgment; it was not competent for him to acknowledge for the other grantor or bargainer, although the relation of partners in trade subsisted between them, and the instrument was, therefore, not only not proved so as to entitle it to record, or being recorded informally, to the character and effect of a registered instrument." Without questioning in the least the correctness of the position that where two partners actually join in the execution of an instrument of which a record is contemplated by our recording acts, each must acknowledge for himself, and that one cannot for the other, we do not think there is any inconsistency between such position and the one that where an instrument covered by our recording statutes is executed by one partner in the firm name as a partnership act, and is such as under the law of partnership it is competent for him to execute, he may also acknowledge it for record. In the former case one cannot, of course, acknowledge as having done for his partner that which his copartner did for himself, but in the latter case when acting as a partner he has himself done that which is as binding on all the partners as it would be had each acted, he can, we think, certainly acknowledge the act, and the fact that the law of his relation to the others makes the act binding upon them does not change the fact that he did the act, nor should it for any reason that we can see restrain his power under the statute to acknowledge that he did it. An attorney in fact who, under a proper power, conveys by deed land of his principal, could, in this State, without doubt, acknowledge for record the execution of such deed. A partner acts for himself and as agent for his associates, within the purview of his partnership, but in signing the partnership name he does not have to express an agency for the others. A statement of the names of himself and the others composing the firm, and that they are partners, de-

clares the relation, and the firm name is the ordinary signature used to bind the firm, and is as sufficient in the case of a mortgage of personalty under our laws as in that of a promissory note or bill of exchange.

IV. The question whether this mortgage, legally recorded, as it is, is void as to creditors or subsequent purchasers for value by reason of the provision in it implying a power in the mortgagors to sell the goods, wares and merchandise in the store house, and whether it is thereby made void *in toto*, or only as to such goods, wares and merchandise, and the goods, wares and merchandise and feed that may be purchased to replenish the stock of goods, is one of great nicety and importance. We have not found or been referred to a case in which a mortgage has, for this reason, been held void on its face as between the parties, or as to a third person whose claim was not based on a valuable consideration. The pleadings do not disclose the real status of the appellee as to the property. This status he can show by answer. When this is done we think it will be full time to decide the law of such status, whatever it may be, particularly in view of the irreconcilable character of the different decisions of other courts upon some of the points involved, and the absence of any decision on them in this State.

The decree of the Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

A petition for a rehearing was filed by the appellee, but it was denied by the court.