ALICE SELPH, *Appellant,* v. L. C. COBB, *Appellee.*

1. In a suit to foreclose a mortgage on real estate allegations sufficient to show that the interests of the defendants are subordinate to the rights of the mortgagee, are necessary to support a decree, at least in the absence of any pleading on the part of the defendant setting up the nature of his interest.

2. In a suit to foreclose a mortgage on real estate an allegation that a named defendant "is now in the possession of the premises described in said mortgage, but by what right or authority your orator is not informed" is an allegation of possession, but not that the alleged possession is subordinate to the rights of the mortgagee.

3. In a suit to foreclose a mortgage on real estate where there are no pleadings sufficient to show that the rights of a defendant are subordinate to those of the complainant, no decree should be rendered against such defendant.

This case was decided by Division B.

Appeal from the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*A. J. Henry* for appellant.

*Roberson & Small* for appellee.

WHITFIELD, J.—A suit in chancery to foreclose a mortgage on real estate was instituted in the Circuit Court for Columbia county by L. C. Cobb against C. V. Taylor and J. D. Taylor, her husband, and Alice Selph. The bill alleges the indebtedness of C. V. Taylor and J. D. Taylor to the complainant, and the execution by the Taylors of a note and mortgage for the indebtedness, and that the indebtedness has not been paid.

The only allegation as to the defendant Alice Selph is as follows: "that one Alice Selph, widow of Duval Selph,

deceased, is now in the possession of the premises described in said mortgage, but by what right ' or authority your orator is not informed, and she is made a party defendant to this suit that she may be required to show, if she can, by what right and authority she is in possession of said premises, and your orator prays that she may. be required by this honorable court to show by what right and authority she holds said possession."

The prayer of .the bill is that the defendants herein, and each of them, and all persons claiming by, under or through them subsequent to the execution of said mortgage, and all other persons, although not parties to this suit, who have any lien, or judgment or decree subsequent to the mortgage of complainant may be. barred and forever foreclosed of all equity of redemption and claim of, in and to said mortgaged premises and every part and parcel thereof with the appurtenances; that the mortgaged premises be sold to pay the indebtedness with costs, charges and expenses; that a special master be appointed to state an account of such indebtedness and the costs, charges and expenses incurred in the foreclosure, and for general relief.

. The defendant Alice Selph demurred to the bill upon grounds challenging the sufficiency of the allegations of the bill to sustain a decree against her. This demurrer was overruled, and decrees *pro confesso* were entered against all the defendants.

Testimony was taken before a master and a final decree was rendered in which, among other things, the mortgage was foreclosed against all the defendants and it was decreed "that any of the parties in this cause, who may be in possession of said premises, or any part thereof, * * * shall surrender possession thereof" to the purchaser at the foreclosure sale, "and on refusal to do so will be considered in contempt of this court."

A separate appeal from this decree was taken by Alice Selph to the present term of this court.

The errors assigned are the overruling of the demurrer of the defendant Alice Selph to the bill, and the entering of a final decree against the defendant Alice Selph.

The allegations of a bill for the foreclosure of a mortgage on real estate must be sufficient to support a decree rendered against the parties to the suit; and where a party as to whom the allegations are insufficient stands on a demurrer to the bill on that ground, any decree against such party is erroneous. See *Lyle v. Winn,* 45 Fla. 419, 34 South. Rep. 158. Allegations sufficient to show that the interests of defendants are subordinate to the rights of the mortgagee are necessary to support a decree, at least in the absence of any pleading on the part of the defendant setting up the nature of his interest. 2 Jones on Mortgages, sec. 1474; *Short v. Nooner,* 16 Kan. 220; *Sichler v. Look,* 93 Cal. 600, 29 Pac. Rep. 220; *Nichol v. Henry,* 89 Ind. 54. The allegation here of the interest of the defendant Alice Selph is that she "is now in the possession of the premises described in said mortgage, but by what right or authority your orator is not informed." This is an allegation of possession, but there is no allegation in the bill as to whether or not this alleged possession by the defendant Alice Selph is subordinate to the rights of the mortgagee. In the absence of allegations in a bill to foreclose a mortgage sufficient to show that the rights of a defendant are subordinate to those of the complainant no decree should be rendered against such defendant. 2 Jones on Mortgages, sec. 1440; *McCoy v. Boley,* 21 Fla. 803.

The defendant Alice Selph did not answer or otherwise bring her rights before the court but stood on her demurrer, and the decree against her is not sustained by the allegations of the bill. *Clay v. Hilderbrand,* 34 Kan. 694, 9 Pac. Rep. 466.

The demurrer of the defendant Alice Selph should have been sustained, and as a consequence the decree *pro confesso* and the final decree entered against her are erroneous.

The decree as to the defendant Alice Selph is reversed at the cost of the appellee, and the cause is remanded with directions to sustain the demurrer interposed by the defendant Alice Selph, and for such further proceedings as may be proper.

CARTER, P. J., and SHACKLEFORD, J., concur.

TAYLOR, C. J., and HOCKER and COCKRELL, JJ., concur in the opinion.