THE FIRST NATIONAL BANK OF QUINCY, *Appellant*, v. AMERICAN SUMATRA TOBACCO COMPANY, A COR-PORATION, *et al., Appellees.*

Opinion Filed June 13, 1916.

Where in a suit to foreclose a mortgage lien it is alleged that a subsequent purchaser of the mortgaged property had constructive notice of the mortgage by virtue of its recordation, and such record is insufficient as constructive notice, and actual notice is not alleged, an order sustaining an appropriate demurrer to the bill of complaint will be affirmed.

Appeal from the Circuit Court, Gadsden County; E
C. Love, Judge.

Decree affirmed.

*John H. Carter* and *Francis B. Carter, Jr.,* for Appellant.

*T. L. Clarke,* for Appellees.

PER CURIAM.—A bill to enforce a mortgage lien
upon real estate brought by the bank alleges in effect that
H. F. Sharon executed promissory notes to J. G. Sharon
and that H. F. Sharon and his wife and John W. Sharon gave a mortgage upon described lands aggregating
920 acres to secure the payment of the notes, which mortgage was duly recorded; that the notes and mortgage
were transfered to John H. Carter who transferred the
notes and mortgage to the complainant bank; that after
J. G. Sharon had parted with all of his title and interest
in the notes and mortgage for full value ·and while the
complainant was the owner and holder thereof for value,
and while the record of said mortgage stood of full force
and effect, and uncancelled, and showing said mortgage
and the notes secured thereby, which notes were negotiable in form, to be outstanding, the defendants H. F. Sharon and wife, J. W. Sharon and J. G. Sharon conveyed
by deed to the Sharon Tobacco Company, a corporation,
of which said J. G. Sharon was president and said H. F.
Sharon was treasurer, and one William Taussig was vice
president a described portion of said real estate; that J.
G. Sharon owned an undivided one-third interest therein
in fee simple outside of his said interest as mortgagee of
H. F. Sharon and J. W. Sharon; that while complainant

14        SUPREME COURT OF FLORIDA,

Fst. Nat. Bk. of Quincy v. Am. S. T. Co. et al.—Opinion of Court.

was the owner and holder of said notes and mortgage for value, said Sharon Tobacco Company, composed and officered as aforesaid, conveyed by deed to Taussig and Company, a corporation, of which said William Taussig was the controlling stockholder and executive head, and said H. F. Sharon and J. G. Sharon were large shareholders, a described portion of the land aggregating 520 acres of the lands included in said mortgage; that Taussig & Company, through said William Taussig, conveyed by deed to the defendant American Sumatra Tobacco Company, a corporation, of which said William Taussig was a director and a large shareholder, the said 520 acres of land, and said American Sumatra Tobacco Company is, and was at the institution of this suit, in possession of said land claiming title thereto, adversely to complainant's mortgage and equities; that without the said 520 acres so claimed by the defendant American Sumatra Tobacco Company, the security afforded by complainants said mortgage will be grossly inadequate to satisfy the amount due for principal and interest, attorney's fees and costs of suit, and the mortgagors and said J. G. Sharon as endorser of said notes, have not sufficient property to satisfy a deficiency decree for such balance; and your orator holds no other or further security for said indebtedness than said mortgage; that complainant is advised and believes that it has a valid mortgage lien upon all of the lands described in said mortgage, and that its rights and equities in the said 520 acres so claimed by said American Sumatra Tobacco Company are prior and superior to the claim of said American Sumatra Tobacco Company, and that it is entitled to a foreclosure of its said mortgage for the amount found to be due upon said notes for principal and interest, and a reasonable sum for attorney's fees in the prosecution of this action.

An enforcement of the mortgage lien in the usual way was prayed.

A demurrer to the bill of complaint was sustained and the complainant appealed. Among the grounds of the demurrer are those that there is no equity in the bill of complaint; that the mortgage made a part of the bill "shows on its face affirmatively that its execution was not so proven or acknowledged and certified as to entitle it under the law to be admitted to record;" that the record of the mortgage "was a nullity and was not constructive notice of said mortgage."

The certificate attached to the mortgage is that the mortgagors personally appeared before the officer "and severally the same to be their free act and deed," there being no word showing that the mortgagors, other than the wife of H. F. Sharon in her separate acknowledgment, *acknowledged* before the officer the execution of the mortgage. Under previous decisions of this court the certificate is insufficient to authorize the record of the mortgage as constructive notice of its existence. See Sanders v. Pepoon, 4 Fla. 465; Edwards v. Thom, 25 Fla. 222, 5 South. Rep. 707; McKeown v. Collins, 38 Fla 276, 21 South. Rep. 103. See also 1 Cyc. 592. The defendant may have had actual notice of the mortgage, but this is not alleged, though the relation of the parties to the transfers of the legal title would seem to indicate actual notice. See Bloxham v. Florida Cent. & P. R. Co., 35 Fla. 625, 17 South. Rep. 902. The allegations of the bill of complaint as to the existence of the mortgage lien and that such lien is "prior and superior to the claim of said American Sumatra Tobacco Company," might be sufficient as against the demurrer to show a right to enforce the mortgage lien, if the bill did not contain allegations as to a due record of the mortgage which the certificate as to proof of acknowl-

edgment for record made a part of the bill of complaint shows to be insufficient to make the record constructive notice of the mortgage. See McCoy v. Boley, 21 Fla. 803. The complainant relied on constructive notice that fails by an inspection of the documents made a part of the bill of complaint, and there is no direct allegation of actual notice. See Feinberg v Stearns, 56 Fla. 279.

The order appealed from is affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHIT-FIELD and ELLIS, JJ., concur.