ALBERT J. KORABECK AND ELIZABETH KORABECK, his wife, *Appellants,* v. SUSIE P. CHILDS, *Appellee.*

Division A.

Opinion filed October 8, 1929.

*J. C. Davant,* for Appellants;

*Jos. S. Davis,* for Appellee.

ELLIS, J.—This is an appeal from an order overruling a demurrer to a bill in chancery to enforce a mortgage lien upon certain lands in Pinellas County. The complainant is Susie P. Childs, to whom the mortgage was given by Charles L. Harvey in November, 1924, to secure the payment of a promissory note made by Harvey to Susie P. Childs payable three years after date with interest from date at the rate of 8% per annum. The note was for the sum of thirty-five hundred dollars and dated November, 5, 1924. The interest was payable semiannually.

The mortgage contained covenants to pay the principal and interest of the debt as the same should become due according to the provisions of the note; to pay all taxes,

assessments, levies, obligations and encumbrances of every nature against or upon the property described; to pay all costs and expenses that might be reasonably incurred by the mortgagee because of the mortgagor's failure to comply with the agreement and covenants on his part to be performed; to keep the building on the land insured for the mortgagee's benefit as her interest appeared; to suffer no waste upon the premises; to comply with and perform all the agreements and covenants contained in the mortgage and that if the "said sums of money herein referred to be not promptly and fully paid within thirty days next after the same severally become due and payable," or if the agreements and covenants contained in the note and mortgage and each and every of them are not "duly performed, complied with and abided by, the said aggregate sum mentioned in said promissory note shall become due and payable forthwith or thereafter at the option of the mortgagee" as fully and completely as if the said aggregate sum of three thousand five hundred ($3,500.) dollars was originally stipulated to be paid on such day. The mortgage was duly recorded.

The suit was begun in November, 1927, and the bill alleged that no interest had been paid since May 5, 1926; that the principal sum was due and that city, county and state taxes amounting to about $87.51 for the year 1926 had become due and complainant had been obliged to pay the same.

A. J. Korabeck and his wife were made defendants because Harvey in 1925 had conveyed the property to Bob Arlington and his wife who a year later conveyed it to Korabeck. George C. Shannon was made defendant because Korabeck upon acquiring the title gave a mortgage ' upon the property to Arlington and his wife who assigned it to Shannon. Jamin & Jerkin, Inc., a corporation, was

made defendant because it claimed a lien on the property in the sum of three hundred dollars which lien was filed and recorded in the clerk's office in December, 1926.

The bill of complaint contained the prayers which are usual in foreclosure proceedings. Copies of the note and mortgage were attached to the bill as exhibits.

Korabeck and his wife by their solicitor demurred to the bill upon eleven grounds. The first two grounds were in substance that the bill did not show that Harvey was seized of any estate in the property when he executed the mortgage; the third was that there was a variance between the bill and the mortgage in the matter of description of the property; the fourth, fifth, sixth, seventh and eighth grounds questioned the sufficiency of the acceleration clause in the mortgage and that the complainant had not affirmatively shown that she had taken advantage of it; the ninth ground was general, asserting that the bill did not show affirmatively that the complainant was entitled to "foreclose the mortgage in its present condition" and the tenth and eleventh grounds alleged that the complainant was a married woman and her husband is not joined as a complainant.

It may serve little or no use to recite the grounds of the demurrer interposed in this case to a bill in chancery which possessed the merits of clearness and succinctness, if lacking in requisite parties, except perhaps to emphasize the deficiencies of a chancery practice which permits such delay in the orderly and efficient enforcement of contractual obligations for the payment of money and the subjection of securities given to insure such payment.

All grounds of the demurrer were abandoned when the cause reached this Court except the first, second, tenth and eleventh, which presented only two points: It may be accurately stated that all grounds but the tenth and

eleventh were abandoned because the first two grounds of the demurrer are not argued, the brief merely repeating in substance the language of the two grounds of the demurrer that the allegation as to Harvey's interest in the property when he executed the mortgage was insufficient. No authorities were cited and no reason given to aid this court in its investigation of such point.

The court has held that such method of treatment in a brief is no argument and the point will be considered as abandoned when the alleged error is not so glaring that an argument is unnecessary. See Thomas v. State, 36 Fla. 109, 18 So. R. 331; Porter v. Parslow, 39 Fla. 50, 21 So. R. 574; Mathis v. State, 45 Fla. 46, 34 So. R. 287; Mitchell v. Mason, 61 Fla. 692, 55 So. R. 387.

The point is without merit. The rule in foreclosure is that complainant is required only to show the defendant's liability to the relief sought which constitutes the privity between them. The interest claimed by the defendant need not be stated with definiteness when the nature of the interest is unimportant to the relief sought. The rule requiring the mortgagor's title to the mortgaged premises to be shown when the mortgage was executed obtains in some states but not in this state to that degree of definiteness which describes the estate of which he was seized with meticulous certainty. See McCoy v. Boley, 21 Fla. 803; Selph v. Cobb, 47 Fla. 292, 36 So. R. 761.

The allegations in the bill that Harvey, the mortgagor, was the "owner and in possession" of the mortgaged property is sufficient as to the interest he encumbered by the execution of the mortgage. Whatever that interest may have been the mortgage binds and no greater interest, and purchasers at foreclosure sale take with that notice.

The fact asserted in the demurrer that the complainant Susie P. Childs is a married woman does not appear from

the allegations of the bill. The fact is merely recited in an affidavit attached to the bill that the affiant J. A. Childs "is husband of the complainant."

Section 5870 Comp. Gen. Laws 1927, which was Sec. 3951 Rev. Gen. Stats, 1920, which empowers a married woman to bring suits or actions for or concerning her real estate, does not empower her to maintain an action or suit upon a contract or to enforce collection of a debt by foreclosure or otherwise in equity without doing so by next friend. Smith v. Smith, 18 Fla. 789; Edgar v. Bacon, 122 So. R. 107.

While in that case a married woman brought suit against her husband to declare certain real property which had been conveyed to him to be her separate estate, the general rule was invoked and applied with the observation that it was a well established law and the Act of March 11, 1879, then McClelland's Dig. 756, empowering married women to sue and be sued as if they were unmarried by order of the Circuit Court was the only law of the State authorizing suits by married women. See Secs. 5024-5027 Comp. Gen. Laws 1927. Such is the law of this State but, as said by the court in the case of Smith v. Smith, *supra,* the chancellor might have allowed an amendment to cure the difficulty.

While a demurrer is a proper method of reaching defects of parties, if any apparent upon the face of the bill, it is doubtful if the defect can be said to appear on the face of the bill. In any event the matter having been brought to the Court's attention it may reverse the order with leave to amend by joining some person as next friend of complainant.

Such will be the order with directions that all costs from the filing of the bill to date including the costs of

this appeal be taxed against the complainant in the cause as amended.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.