**BRADFORD G. WILLIAMS, et al., v. CECIL B. SMITH, et al.**

6 So. (2nd) 853            Division B
March 20, 1942

Bradford G. Williams as Attorney pro se, and as the attorney for the appellant, Mildred Joyce Williams.

Smith & Petteway, for appellees.

THOMAS, J.:

Plaintiffs, husband and wife, represented by the former, an attorney, brought their suit against various persons, the principal of whom was Ellen M. Staten, and subsequently amended the bill to include her husband as a party defendant, but it does not appear that he was served with process or that he participated in the litigation. The wife filed an answer containing a counter claim and was ultimately favored with a decree granting the relief she sought, namely, foreclosure of her lien.

The appellants insist that error was committed by the chancellor in denying the motion to strike the counter claim because it contained the ground, among others, that there was "non-joinder of necessary parties, and in support of their position they cite our opinion in Korabeck et ux. v. Childs, 98 Fla. 576, 124 So. 24, wherein it was decided that under Section 5870, C.G.L., 1927, a married woman could not bring a suit to foreclose a mortgage unless joined by her husband. The same case is ample authority for the chancellor's action in the instant controversy because it contained the announcement that the absence of the husband as a party plaintiff to be reachable by demurrer (motion now) must appear on the face of the pleading. There was no indication in the counter claim of any deficiency in parties so that the objection presented by the motion was not well founded. When testimony was taken it developed that the appellee, whom we have named, was a free dealer.

The appellants seek reversal of the decree also because no notice was given them of the filing of the master's report as required by Section 65 of 1931

Chancery Act. When the cause reached issue the court appointed a special master to take the testimony within thirty days but no authority was given him to make findings. The thirtieth day from the date of the order testimony was introduced by the defendants (appellees) in the presence of the appellant husband, who represented his wife and himself. He offered no testimony. We are of the opinion that the notice required by Section 65, supra, should be served even though the master is not empowered to make findings; however, in the circumstances we have detailed we conclude that absence of notice was not harmful and that reversal on that account is not justified.

The appellants claim that error was committed when the court entered the final decree without having considered the motion for extension of time for taking testimony which was filed by them about two weeks before the master's hearing. The principal ground in it was that appellant-attorney was "compelled by urgent business to be absent . . . and will be required to depart prior to any hearings . . ." Despite the representation appellant attended the hearing before the master and the record does not show that the motion was called to the court's attention until final hearing. At that late date the ground had become inappropriate and the motion, by delay, had been abandoned.

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.