GEORGE E. SOMERS, PLAINTIFF IN ERROR, v. THE FLORIDA PEBBLE PHOSPHATE COMPANY, A CORPORATION UNDER THE LAWS OF FLORIDA, W. B. MAKINSON, M. KATZ, R. E. ROSE AND E. D. BEGGS, DEFENDANTS IN ERROR.

1. While an instrument tested "In Witness Whereof the F. P. P. Co. has caused its corporate seal to be hereto affixed and attested by its Secretary, and this promissory note to be signed by its President, signed F. P. P. Co. by F. President, with the corporate seal attached, Attest M. "Sec." is the bond of said company, it is not necessarily a sealed instrument as to the stockholders who signed their names on the back of the instrument before delivery, in order to give credit thereto.

2. In a joint action against several defendants, some of whom successfully plead the statute of limitation, a judgment dismissing the action as to all will not be disturbed.

3. Where an instrument is executed by a corporation under its seal, in the form of a promissory note, and endorsed by the stockholders, and a suit is brought thereon against the corporation and the endorsers, it is permissible to introduce in evidence the minutes of the corporation, and other contemporaneous facts and circumstances attending the negotiations of the parties in making the contract, in order to arrive at the true intention of the parties in executing the instrument.

This case was decided by Division B.

Writ of Error to the Circuit Court for Osceola County.

The facts in the case are stated in the opinion of the Court.

*Wm. H. Jewell,* for Plaintiff in Error.

*Massey & Warlow,* for Defendants in Error.

HOCKER, J.  On the 15th day of January, A. D.  1903, the plaintiff in error sued the defendants in error along with E. Nelson Fell, who was a  non-resident and  not served with process, in an action at law in  the  Circuit Court of Osceola county upon a cause of  action in the following words and figures:

$2025.00              Kissimmee, Fla., June 6th, 1891.

On or before two years after date The Florida Pebble Phosphate Company promises to pay to the order of Nat Poyntz two thousand and twenty-five dollars with interest from date until fully paid at the  rate of eight  per cent. per annum for value received.

In witness whereof The Florida Pebble Phosphate Company has caused its corporate seal to be hereto affixed and attested by its Secretary and this  promissory note to be signed by its President.

(Signed)       THE FLORIDA PEBBLE PHOSPHATE CO.,

By E. NELSON FELL, President.

CORPORATE SEAL.

Attest:  W. B. MAKINSON, Sec.

On the back thereof are the following words and names: "Pay to J. B. Poyntz or order ( signed Nat Poyntz. Under

this are the signatures J. B. Poyntz, Nat Poyntz. Written to the right of the foregoing are the following names: E. Nelson Fell, M. Katz, R. E. Rose, E. D. Beggs and W. B. Makinson. Credits appear on the back of the instrument up to June 5th, 1897.

The declaration contained three counts, in substance as follows: The first count sues on the foregoing instrument as a promissory note and alleges that "E. Nelson Fell, W. B. Makinson, M. Katz, R. E. Rose and E. D. Beggs, being then and there the stockholders of said corporation, and to lend their credit to and to aid in negotiating said note and before delivery to said payee, did place their names on the back of said instrument as joint and several promissors and co-makers, and the plaintiff became the holder of said note in due course for value, and the same is overdue and unpaid, except certain credits shown by indorsement thereon, and the plaintiff claims four thousand dollars."

The second count treats the instrument sued on as a negotiable bond, and the defendants who signed on the back thereof as joint and several obligors, and is otherwise like the first count.

The third count treats the cause of action as a written instrument under the seal of said corporation and alleges that the plaintiff became the holder and owner of said instrument for value and before maturity by assignment, by indorsement, and without notice of any defect therein, and the same has become due and payable, and payments have been duly demanded from said defendants, but they fail, neglect and refuse to pay the same, and the same is long overdue and unpaid with interest, except certain amounts shown by indorsement on the copy of said instrument which is herewith filed." This count is in other respects like the first.

The Florida Pebble Phosphate Company filed its separate pleas, and the other defendants their joint pleas, all alike, and in substance as follows:

1st. To the first count of the declaration that the cause of action did not accrue within five years before suit.

2nd. To the second count that the said alleged negotiable bond is not their deed.

3rd. That the alleged sealed instrument of writing is not their deed.

These pleas were demurred to and the demurrers overruled, but as our views of the case will be indicated in this opinion, we think it unnecessary to set them forth specifically.

Issue was joined on the pleas, and the cause submitted to the Circuit Judge for trial without a jury. The trial judge gave judgment for the defendants. A motion for a new trial was made, alleging error in overruling the demurrers to the pleas, error in admitting in evidence the minutes of the defendant corporation of the adjourned meetings of June 4th and 11th, 1891, and because the findings of the court was against the evidence. The plaintiff in error seeks to reverse this judgment.

The bill of exceptions shows that the cause of action herein before copied, with the endorsements thereon, was introduced in evidence by the plaintiff without objection.

The defendants introduced as a witness W. B. Makinson who testified that he was one of the defendants and secretary of the defendant corporation. Over the objection of the plaintiff he was allowed to read from the minutes of the board of directors of the corporation certain extracts of proceedings of the corporation, in substance as follows:

"Kissimmee, Fla., June 4th, 1891.

At a special meeting of the board of directors of the Florida Pebble Phosphate Company. a full board being present, the following proceedings were had * * * Meeting then adjourned until Thursday, June 11th, 1891. Signed E. Nelson Fell, Pres'd't.

June 11th, 1891.

The board of directors of the Florida Pebble Phosphate Company met pursuant to adjournment, there being present E. N. Fell, Pres., W. B. Makinson, Sec., E. D. Beggs and M. Katz. Mr. E. N. Fell, after an interview with Nat Poyntz, reports will take notes for the time of two years, indorsed by the original stockholders, instead of giving mortgage notes for one year, said notes to be in the following amounts, *viz*: $2700; $2025; $2025; $2025. On motion of M. Katz, seconded by W. B. Makinson, that we accept Mr. Nat Poyntzs' proposition and give notes for amounts as before mentioned to be endorsed by E. N. Fell, R. E. Rose, M. Katz, E. D. Beggs and W. B. Makinson for the term of two years and before bearing interest 8 per cent. (unanimous) * * * Meeting then adjourned subject to call. Signed, E. N. Fell, Presdt. W. B. Makinson, Sec. Attest. This evidence was objected to on various grounds, but as in our view it furnished evidence favorable to the plaintiff, we deem it unnecessary to pass on the objections. Mr. Makinson further testified that he recognized the instrument sued on, and identified the signatures of himself and all the other members of the corporation on the back thereof, as well as the corporate seal affixed and attested by him. That the directors composed all the stockholders of the corporation, and that when the members of the company whose names appear on the back of the note signed the same, the corporate seal was there, and that he put it there.

We are of opinion that the objection of the plaintiff below to the introduction of the minutes of the corporation, and the testimony of Makinson, was properly overruled, as it is oftentimes allowable to show contemporaneous facts and circumstances attending the negotiations of parties in making contracts, as such facts and circumstances may throw light on the transaction, as to the intention of the parties. Robinson v. Barnett, 18 Fla. 602; 7 Cyc. 669-673.

Without attempting a discussion of each specific assignment of error, we are of opinion that whether we view the instrument sued on as a negotiable promissory note, or as a single bill, or writing obligatory, the judgment of the court below must be affirmed. If it be regarded as a promissory note unsealed, then the five year statute of limitation applies to the action as to all the defendants. If it be regarded as the single bill or writing obligatory of the corporation, we can not discover from the instrument itself, or from the evidence that the defendants who endorsed it intended to adopt the seal of the corporation. It does not appear that it was the intention of these parties to execute a sealed instrument. From the evidence it appears that Nat Poyntz, the payee, agreed to take *notes* of the incorporation, endorsed by the original stockholders, and this proposition was accepted by the corporation. The instrument is in the usual form of a promissory note with words of negotiability.

In the case of Cotton v. Williams, 1 Fla. 37, this court held that if several persons sign an instrument concluding with "witness our hands and seals, some putting seals opposite their names and others not, such as did not affix seals will be presumed to have adopted the seals already there." In the instant case the instrument sued

VOL. 50, JUNE TERM, 1905. 281

Somers v. The Fla. Pebble Phos. Co. et al.—Opinion of Court.

on does not contain the words "witness our hands and seals," or other equivalent words. It concludes: "In witness whereof The Florida Pebble Phosphate Company has caused its corporate seal to be hereto affixed, and attested by its secretary, and this *promissory* note to be signed by its President."

In the case of The Directors and Trustees of the St. Andrews Bay Land Company v. Mitchell, 4 Fla. 192, this court held "that parties to a contract are liable according to the *form* in which they respectively execute the contract. One may be liable in an action of assumpsit, while the other is liable in covenant." Stabler v. Cowman, 7 Gill & J. (Md.) 284; Hess's Estate, 150 Pa. St., 346, 24 Atl. Rep. 676; Pickens v. Rymer, 90 N. C. 282; Van Alstyne v. Van Slyck, 10 Barb. (N. Y.) 383.

In the case of Gist v. Drakely, 2 Gill (Md.) 330, the facts were as follows: Upon the back of the notes of a corporation under its seal payable to the order of "K" he and G endorsed their names, over which "D," an assignee for value wrote as follows: "For value received we jointly and severally promise 'D' to pay him the amount of the within, should the company make default in the payment thereof." It was held that an action of assumpsit would lie in favor of "D" against "G" on this undertaking. The court in its opinion quotes from Judge STORY to the effect that in such a case the indorser is to be treated as an original promisor or maker, and that the payee is at liberty to write over the signature, "for value received I undertake to pay the money within mentioned to "B," the payee." The court further says that it may be that the plaintiff below might have filled up the blank somewhat differently consistent with the transaction and thereby have dispensed with the necessity of

offering some of the proof which he adduced. The court further says that the right of action was not on the sealed instrument, but on the endorsement. If then we treat the instrument sued on in the instant case as the bond or single bill of the corporation, we are of opinion that the anomalous endorsers, while they are original promissors, and agreed to pay the money mentioned in the instrument, yet they can not be considered to have obligated themselves to do so under their seals, and the statute of limitations barred an action as to them. As this was a joint suit, no other than a joint judgment could be rendered therein. Webster v. Barnett, 17 Fla. 272, text 278; Hale v. Crowell's Admx. 2 Fla. 534, text 540; Mutual Loan & Building Association v. Miles, 19 Fla. 127. Bacon v. Green, 36 Fla. 355.

The effect of an anomalous indorsement upon an ordinary promissory note is considered and determined by this court in Melton v. Brown, 25 Fla. 461, 6 South. Rep. 211, and McCallum v. Driggs, 35 Fla. 277, 17 South. Rep. 407.

The judgment of the court below is affirmed.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD. C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.