J. W. SPRINGSTEAD, O. W. RICE, A. F. BURNS, J. C. BURWELL, S. E. MICKLER, W. A. FULTON, W. P. TUCKER, W. HOP. SMITH, AND W. R. AYERS, *Plaintiffs in Error,* v. THE CRAWFORDVILLE STATE BANK, A CORPORATION, *Defendant in Error.*

1. Where in an action brought by endorsees of a note, there is a plea alleging a failure of consideration for the note, and breach of warranty, of which the endorsees had knowledge at the time of the endorsement to them, the plea is not obnox-

ious to demurrer because of the failure to allege such knowledge.

2. Where an action is brought on a joint and several note against all the makers, who appeared and pleaded and in the midst of the trial the plaintiff elected to dismiss the action as to two of the makers, the effect of this action was to discontinue the suit as to all the defendants, because the plaintiff might have sued them all jointly, or each of them severally, but might not sue a part of them jointly, under the circumstances mentioned.

Writ of error to the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*Davant* & *Davant,* for Plaintiffs in Error;

*F. B. Coogler,* for Defendant in Error.

HOCKER, J.—In 1908, the defendant in error as plaintiff brought an action of assumpsit in the Circuit Court of Hernando County, against the plaintiffs in error as defendants, and M. P. Mickler and H. C. Mickler filing the following amended declaration:

"The Crawfordville State Bank, a corporation organized and existing under the laws of the State of Indiana, plaintiff by its undersigned attorney, sues J. W. Springstead, O. W. Rice, A. F. Burns, J. C. Burwell, S. E. Mickler, W. A. Fulton, W. P. Tucker, W. Hop. Smith, M. P. Mickler, H. C. Mickler and W. R. Ayers, defendants, in an action of assumpsit, and thereupon plaintiff alleges and says:

That the defendant did on the 22nd day of January, A. D. 1906, according to the custom and usage of mer-

chants, made their certain promissory note in writing, commonly called a negotiable note, the date whereof is the day, month and year aforesaid, and then delivered the same to J. Crouch & Son, a co-partnership composed of Jeptha Crouch and George Roland Crouch, whereby for value received they jointly and severally promised and agreed to pay to the said J. Crouch & Son or their order, on October 1st, 1907, after date thereof, the sum of One Thousand ($1000.00) dollars, together with interest from date at the rate of eight per cent per annum until paid, interest payable annually, together with reasonable attorney's fees if suit was brought on said note, payable at Hernando State Bank of Brooksville, Florida. And the plaintiff says that the said J. Crouch & Son afterwards and before maturity indorsed and delivered the said note in due course, while the same was unpaid, to the said plaintiff. And the said plaintiff avers, that afterwards, to-wit: On the 1st day of October, 1907, when, according to the tenor and effect thereof, the said note became due and payable, the same was presented and shown for payment at the Hernando State Bank of Brooksville, Florida, but the said defendants did not, nor did either of them, nor did any other person, then pay the sum of $1,000.00 and interest as specified in the said note. Wherefore plaintiff brings this suit and claims the sum of One Thousand Dollars with interest thereon at the rate of eight per cent per annum from the 22nd day of January, 1906, until paid, interest payable annually together with a reasonable attorney's fee for bringing this suit. Yet the said defendants although often requested, have not, nor has either of them, as yet paid the plaintiff the said sum of $1,000.00 as above demanded, or any part thereof, or the interest thereon as aforesaid.

but the same to pay have hitherto wholly neglected and refused, and still do neglect and refuse to pay the same, to the damage of the said plaintiff $2,000.00."

After several pleas had been filed and demurrers there to sustained, the defendants filed the following plea:

"And for amendment to their third plea, the defendants say:

That the note sued on was given by them to J. Crouch & Son in consideration of a certain stock horse or stallion, to the said defendants sold and delivered by J. Crouch & Son, the payee of the said note on or about the twenty-second day of January, 1906, with the contemporaneous agreement and guarantee of the said payee with the said defendants that the said note should be surrendered by the said payees to the said defendants and the said horse taken back by the said payees if less than sixty per cent of the breeding service of the said stallion during the breeding season next preceding the maturity of the said note prove effectual impregnation, and the said payees as part of the contract of sale and consideration of said note, then represented and guaranteed that the said stallion was vigorous, fit and reliable and capable for breeding purposes in the said ratio of sixty per cent of general service in breeding; and the said stallion, with full knowledge of the said payee that the said stallion was purchased by the defendants for such breeding purposes, was accepted and purchased by the said defendants, from the said payees, upon said representations and guarantee, and the said defendants trusting in the said representations and guarantee, by the said payees of the said breeding capacity, fitness and vigor for service of the said stallion; and the said stallion was immediately put into general service for such

breeding purpose by the said defendants; but the said stallion was not vigorous, fit and reliable or of the capacity and service for breeding purposes as represented and guaranteed by the said payees, and in the said service was unequal to the said representations and guarantee during the said season, and more unequal incapable and unfit thereto since, in that sixty per cent of the breeding service of the said stallion during the said breeding season next preceding the maturity of the said note did not prove effectual impregnation, and that since the said breeding season next preceding the said maturity of the said note a less percentage of impregnation has been effected by him, and that the said stallion was and is altogether useless to the defendants; and the defendants notified the said payee of the said unfitness and incapacity of the said stallion for the purpose of purchase and acceptance aforesaid, that is for the purpose of breeding, and of the failure and breech of the said representations and guarantee as soon as the same was discovered by and known to the defendants and before maturity of the said note, to-wit, the —— day of June, 1907, with demand for surrender of the said note and offer, thereon, to return the said stallion to the said payees, for which the defendants are still willing and ready, but the said payees neglected and refused to comply with defendants' said demands and defendants say that the consideration for the said note has wholly failed. And the plaintiff, conducting a banking business at Crawfordville, in the State of Indiana, for the payees, with notice and knowledge of the said agreement, guarantee, sale, purchase and acceptance, failure of considerations and notice thereof, aforesaid, received and accepted the said note by endorse-

ment of the said payees, at Crawfordville aforesaid, be-
fore the maturity of the said note and during the period
of guarantee aforesaid, and colluded with the said payees
to avoid the effect of the said representations and guar-
antee of the said payees and pretended to be the endorsee
in due course, well knowing the consideration of the said
note aforesaid and that the same had wholly failed as
aforesaid, and intending to maintain this suit notwith-
standing, and the said plaintiff had notice and knowledge
of the said facts at the time of the commencement of this
suit and brought said suit with such knowledge and
notice.  The defendants therefore aver that the consider-
ation for the said note has wholly failed and plaintiff's
should not recover."

A previous plea of substantially the same import had
been filed and a demurrer thereto sustained.  A demurrer
to the last mentioned plea was also filed on the grounds
that it was irrelevant and immaterial, indefinite, friv-
olous, uncertain and constituted no defense to the suit.
This demurrer was sustained, and this ruling is assigned
as error.

A trial was had resulting in a verdict for the defen-
dants.  A new trial was granted and on the second trial
there was a verdict and judgment for the plaintiff.  This
judgment is here for review on writ of error.

To sustain the ruling of the court below on the de-
murrer to the plea referred to, the defendant in error
in its brief contends that the plea does not show knowl-
edge on its part of the failure of consideration and breach
of warranty at the time it purchased the note.  It seems
to us that the plea very clearly states that at the time
the plaintiff took the note by endorsement, it had notice
and knowledge of the agreement, guarantee, sale and

purchase of the stallion referred to and of the failure of the consideration for which the note was given.

It seems to us with the light before us the demurrer should not have been sustained. But apart from this fact, it appears that during the progress of the trial, objection was made to the introduction of the note in evidence because of an alleged variance between it and the declaration. Thereupon the plaintiff took a nonsuit as to two of the parties jointly sued, viz: S. E. Mickler and H. C. Mickler and dismissed the suit as to them. This was objected to by the defendants and the contention there and here is that the effect of this action was to discontinue the whole case, as the plaintiff had elected to sue all the defendants jointly.

When the plaintiff discontinued the action as to the two Micklers, we think it clear that under the practice prevailing in this State, the Circuit Judge should have dismissed the whole case. The note was a joint and several one. The plaintiff had the right to sue them all jointly or any one or all of them severally; but an action against some of them only is subject to a plea in abatement. In the midst of the trial it elected to dismiss as to the Micklers, who had pleaded, not personal pleas, but jointly with the others and this made the action a joint one against a part of the makers. If the plaintiff had dismised the action against all the makers except one, it would then have been changed into a several suit against that one, and that might have been permissible. But we can find no statutory authority in this State for the course that was pursued, and it is not supported by the common law practice. 6 Ency. Pl. & Pr. 857; 15 Id. 553; Hale v. Crowell's Adm'rx., 2 Fla. 534; Somers v. Florida Pebble Phosphate Co., 50 Fla.

18—Vol. 63.

275, 39 South. Rep. 61; Rentz v. Live Oak Bank, 61 Fla. 403, 55 South. Rep. 856.

The judgment below is reversed with direction that the case be dismissed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.