T. F. McNEIL, *Plaintiff in Error, v.* LEMUEL WILLIAMS, *Defendant in Error.*

1. Under the statute the property of the wife remains in the care and custody of the husband, and ordinarily the husband may recover in replevin the wife's personal property unlawfully detained from his custody; and the title of the wife may be shown under the plea of not guilty.

2. The statute providing that the husband and wife shall join in all sales, transfers and conveyances of the wife's property does not expressly state how or in what manner or form the husband and wife "shall join" in sales and transfers of the wife's personal property; and such sales and transfers may be accomplished in any appropriate and legal way.

Appealed from the Court of Record of Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for Plaintiff in Error;

*F. W. Marsh,* for Defendant in Error.

WHITFIELD, C. J.—The plaintiff in error brought replevin in the Court of Record for Escambia County for the recovery of 31 cows and one bull, and the plaintiff received possession under the writ as provided by the statute. Pleas of not guilty and that the cows were not the property of the plaintiff, but were the property of the defendant, were filed. It appears that Lemuel Williams sold the cattle to C. D. Head, and Head sold them to T. F. McNeil before they were fully paid for. Williams got possession of the cattle and T. F. McNeil recovered them under a writ of replevin. At the trial counsel for the defendant "stated to the Court and in the presence of the jury that the defendant would not claim in this suit any of the cows taken under the writ of replevin herein," except ten named cows "as to which cows defendant would claim a verdict in this suit." There is testimony that the ten cows claimed by the defendant Williams belonged to his wife and that she did not give her consent or know of the sale of the ten cows by her husband until some time after the sale. There is also some testimony that Mrs. Williams knew of the sale of the cattle and made no objection thereto, but after the sale talked to the purchaser about his purchase of the cows.

The Court refused to give the following charge: "A married woman who permits her husband to sell her property with knowledge of the sale and without objecting thereto or notifying the purchaser of her rights, is estopped from thereafter claiming the cows." Error is assigned on the refusal to give this charge. Judgment was rendered for the ten cows in favor of the defendant. After this the defendant was permitted to file a disclaimer as to twenty-one cows and one bull. The judgment was amended on the motion for new trial so as to permit a remittitur of $65.00 to be made of the amount awarded to

the defendant for the value of the ten cows. This amended judgment appears only in the bill of exceptions, but the original judgment is in the record proper. The transcript brought here on writ of error is not in a satisfactory condition, but enough appears to enable the Court to consider the propriety of the refusal to give the charge above quoted. As notice was duly given at the trial that the defendant claimed only ten of the cows, no harm resulted in permitting a disclaimer as to the other cattle to be filed after judgment.

Under the statute the property of the wife remains in the care and custody of the husband, and ordinarily the husband may recover in replevin for the wife's personal property unlawfully detained from his custody; and the title of the wife may be shown under the plea of not guilty.

Section 2590 of the General Statutes provides that "The husband and wife shall join in all sales, transfers and conveyances of the property of the wife." The statute does not expressly state how or in what manner or form the husband and wife "shall join" in sales and transfers of the wife's personal property; and such sales and transfers may be accomplished in any appropriate and legal way.

If the ten cows did in fact belong to Mrs. Williams, and she did know that a sale of the cows was in fact made by her husband and that the possession of them was transferred to the bona fide purchaser, and she acquiesced therein by conduct that reasonably misled the purchaser to his injury, evidence of such facts may be sufficient to justify a finding that she did "join in" the sale and transfer of the title and possession of the cows, her separate personal property. See 21 Cyc. 1348; Warner v. Watson, 35 Fla. 402, 17 South Rep. 654; Hill v. Meinhard, 39 Fla.

111, 21 South. Rep. 805.   The charge requested and re-fused may not be accurately worded, but it is not fatally defective.   In view of the evidence that Mrs. Williams did know of and spoke to the purchaser about his purchase without objecting to it or referring to her rights, of the refusal of the Judge to give the quoted charge, and of the large award as to the value of the cows, which was re-duced by remittitur, it is apparent that justice requires a consideration of the case by another jury.

The judgment is reversed and a new trial granted.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.