JOHN M. EDGAR, *Plaintiff in Error,* v. MAUDE MILLING BACON et al., *Defendant in Error.*

Division A.

Opinion filed May 1, 1929.

Petition for rehearing denied June 4, 1929.

*J. C. Davant* and *Sikes & Edgar,* for Plaintiff in Error;

*Baskin & Jordan,* for Defendants in Error.

BROWN, J.—This was an action on the common counts, brought by "Maude Milling Bacon, joined by her husband, J. F. Bacon, and J. F. Bacon, plaintiffs, v. John M. Edgar." The purpose of the suit was to recover money which had been paid by Mrs. Bacon to the defendant upon a contract entered into between Mrs. Bacon and the defendant by which she agreed to purchase certain real estate from the defendant at a certain price, of which, $5,000.00 cash, she paid at the time the contract was made, and the balance payable on deferred installments. Plaintiff's testimony was to the effect that the defendant failed and refused to perform the contract on his part, and yet refused to return

the money. The defendant offered evidence to the contrary, but the testimony being in conflict on that point, we would not be authorized to hold that the verdict in favor of. the plaintiff should be set aside because of lack of evidence to support it. The only written evidence of the contract was a brief receipt signed by the defendant, Dr. John M. Edgar, acknowledging payment by Mrs. Bacon of $5,000.00 on November 12, 1925, ''deposit on purchase of house and furniture situated on Victoria Drive, Dunedin, Florida, purchase price $40,000.00, $10,000.00 additional to be paid at transfer of deed, and remainder in one, two, three and four years, interest 8%, semi-annually.'' The receipt was not signed by Mrs. Bacon, nor witnessed or acknowledged.

Three of the counts were based on an implied obligation to all the plaintiffs jointly, but two of the counts, while alleging an indebtedness to all the plaintiffs, showed that the money was ''paid'' or ''lent'' by Mrs. Bacon, and hence showed that the cause of action was in her alone under these counts. The general rule is that in actions upon implied contracts, the right of action follows the consideration, and that in an action for money had and received, if the money was paid by the plaintiffs jointly or out of joint funds, they must all join, but if the money was paid by one of the plaintiffs out of his own funds, the person so paying must sue separately and cannot join. 15 Encyc. Pldg. and Prac. 540, 541. Although the evidence showed that Mrs. Bacon paid the money by her own check and that her husband had no part in the contract, there was no objection to the admissibility of the evidence on the ground of variance, that is, that the declaration set up an obligation to the plaintiffs jointly whereas the evidence showed an obligation, if any, to one only. Nor was there any action taken to have the misjoinder of parties corrected at the trial under Sec. 2567, Rev. Gen. Stats., being Sec. 4207, Comp. Gen. Laws. In 15 Encyc. Pldg. and Prac. 761, it is said:

As a general rule, the failure to demur for misjoinder of plaintiffs, where this appears on the face of the petition or complaint, will be held to constitute a waiver of the objection.

See also Campbell v. Knight, 109 So. R. 577, 92 Fla. 246; 20 R. C. L., 712.

The jury brought in a verdict reading as follows:

"Maude M. Bacon, Plaintiff, v. John M. Edgar, Defendant. We the jury find for the plaintiff and assess the damage at $5,000.00, so say we all." Signed by the foreman. The court then entered judgment in favor of Maude M. Bacon for the amount of the verdict.

Three days later, according to the transcript, the defendant filed a motion for judgment *non obstante veredicto*, upon the ground, among others, that the declaration alleged a joint demand or indebtedness due to all the plaintiffs, whereas there was no evidence to sustain such claim. This was overruled. This motion should have been made before entry of judgment. 33 C. J. 1187. Defendant then interposed a motion in arrest of judgment and later a motion for new trial upon the same ground, and upon the ground that the verdict was for one only of the plaintiffs, and hence did not adjudicate the rights of all the plaintiffs, whose action was a joint one; also upon other grounds. These motions were also overruled.

Plaintiff in error cites in support of these motions Springstead v. Crawfordville State Bank, 63 Fla. 267, 57 So. R. 668, but that case is hardly in point here. It is true that as a general rule in an action *ex contractu* against several defendants the plaintiff must show a joint liability on the part of all the defendants, and that in such a joint suit only a joint judgment can be rendered. Somers v. Florida Pebble Phosphate Co., 50 Fla. 275, 39 So. R. 61; Hale v. Crowell's Admx., 2 Fla. 534; Bacon v. Green, 36 Fla. 325, 18 So. R.

870; 15 Encyc. Pldg. and Prac., 548, 553, et seq.; 33 C. J. 1124, 1139, et seq. But we are here dealing with joint plaintiffs, not joint defendants, and, as we have seen, there was no objection made to the alleged misjoinder of parties plaintiff until after verdict. The defect, if any, was an amendable one, and one that can in some cases be waived by the defendant.

As a general rule, in equity a married woman sues by next friend. There are certain statutory exceptions to this rule, among which are suits governed by Secs. 4203, 4204, 5870, 5871, Comp. Gen. Laws. Where the general rule applies, and she sues by next friend, such next friend may very properly be the husband when he is not adversely interested. Wood v. Wood, 56 Fla. 882, 47 So. R. 560; Smith v. Smith, 18 Fla. 789; Taylor v. Brown, 32 Fla. 334, 13 So. R. 957; Beach Mud. Equity Prac., Sec. 51. And, as held in the last cited case, the objection to the failure of a married woman to sue in equity by a next friend will be deemed to have been waived if not made in the trial court. But the omission to sue by next friend in this case was not erroneous. The rule in actions at-law is different from that obtaining in equity cases. Except as otherwise provided by statute in certain classes of cases in which she sues as if she were a femme sole (such as cases involving her separate statutory real estate, or her wages and earnings acquired in employment separate from her husband, or claims to her personal property levied upon under legal process), the common law rule still prevails in this State that, in actions at law, the husband must be joined as a co-plaintiff with the wife in all suits to enforce the personal or property rights of the wife, not as next friend, but as husband. Though the declaration should show that the suit is brought to enforce some right of the wife, damages may ordinarily be claimed in the name of both plaintiffs. I Chitty Pld., 16th ed., 83-84; I Tidd's

Prac. (3rd Am. Ed.), p. 9; Lignoski v. Bruce, 8 Fla. 269; Fairchild v. Knight, 18 Fla. 770, 785; Coffee v. Groover, 20 Fla. 78; Perry's Common Law Pldg., 121. See also an able review of this entire subject by J. E. Futch, Esq., of the DeLand, Fla., bar, in the Florida Bar Assoc. Journal, Nov., 1927. See also in this connection McNeill v. Williams, 64 Fla. 97, 59 So. R. 562; Thresher v. McElroy, 90 Fla. 435, 106 So. R. 79, and Florida Citrus Exchange v. Grisham, 65 Fla. 46, 61 So. R. 123.

But the trouble with this declaration was that it joined as plaintiffs the married woman and her husband in his capacity as husband and also in his capacity as an individual. But the evidence tended to show an indebtedness to the wife alone, and utterly failed to show any joint indebtedness to all the plaintiffs as alleged in the declaration. It follows that the verdict and judgment were inconsistent with the pleadings; nor did the *allegata* and *probata* correspond. In 33 C. J., 1142-1143, it is said: "The judgment must conform to both the pleadings and the proofs, and be in accordance with the theory of the action upon which the pleadings are framed and the case tried. This rule is of universal application, and whether the action or suit is at law, in equity, or under the code, the judgment must be *secundum allegata et probata.*" Citing among other cases Sulzner v. Price-Williams, 82 Fla. 199, 89 So. R. 540. In some jurisdictions it is held that the joinder of a party as plaintiff who has no interest in the subject matter of the action is mere surplusage, and that such party may be dropped at any time, without affecting the rights of necessary parties, on motion, or the court can by instructions eliminate him from the case. But in others it is held that the joinder of such a party as co-plaintiff, whether such lack of interest appears from the record or the evidence offered at the trial, is fatal to a recovery, for the reason that

all plaintiffs in an action at law must be entitled to recover, otherwise none of them can recover. 20 R. C. L. 706; Thompson v. Turner, 173 Ind. 593, 89 N. E. R. 314, Ann. Cas. 1912 A, 740 and note on page 742. It is also held in some jurisdictions that when this lack of interest does not appear until the trial, a non-suit should be entered on motion of defendant. But it appears to be quite generally held that objection on such grounds should be interposed before judgment, otherwise it is deemed to be waived, especially where no prejudice could arise to the defendant from the alleged misjoinder. See the authorities just cited; also Silver Springs, etc., R. Co. v. Van Ness, 45 Fla. 550, 34 So. R. 884, and 15 Encyc. Pldg. and Prac., 527 et seq., 539, 761-762. As it is more nearly in harmony with the prior decisions of this Court in relation to joint judgments against joint defendants in actions *ex contractu,* we are inclined to agree with those authorities which hold that, as a general rule, in an action *ex contractu,* where there are two or more persons joined as plaintiffs and the declaration alleges a joint obligation or indebtedness to all the plaintiffs, all the plaintiffs must be entitled to recover or none can recover, in the absence of proper elimination of unnecessary parties, and appropriate amendment of pleadings when necessary, during the progress of the case, so as to avoid any material and fatal variance between the pleadings and the proof; but that objections on such grounds should seasonably be made, otherwise they will in some cases be held to be waived. See authorities above cited; also Silver Springs, etc., R. Co. v. Van Ness, *supra,* headnote 12.

The following instruction given by the court to the jury was excepted to by the defendant and is here assigned as error:

The court instructs you in this case that if you find from the evidence that the plaintiff entered into a certain agreement or contract for the purchase of real estate or other property from the defendant, and further find that at the time of the making or entering into such agreement or contract that said plaintiff was then a married woman, then I charge you that such married woman would not be responsible for such agreement or contract and the same could not be enforced against her, and that such married woman would be entitled under the laws of the State of Florida to recover back from such defendant any and all moneys she might have paid under such contract.

This Court has in several cases held that although a contract made by a married woman for the sale of her separate property may not be specifically enforced against her by reason of not having been executed or acknowledged by her in accordance with the statute, such fact does not make the contract void, but upon a proper showing in appropriate proceedings the money paid to such married woman upon such contract may be required to be returned or decreed to be a lien upon her property. She may not retain the money paid and refuse to keep the contract. Vance v. Jacksonville Realty and Mfg. Co., 69 Fla. 33, 67 So. R. 636; Wheeler v. Sullivan, 106 So. R. 876; Dugan v. Powell, 91 Fla. 1034, 109 So. R. 202. Nor may the purchaser breach the contract and charge the property in equity for a partial payment thereon in the absence of a showing that the married woman was unwilling or unable to complete the contract to convey. Shields v. Ensign, 68 Fla. 522, 67 So. R. 140. In the Vance case, it was said, by way of quotation from a North Carolina case: ''It would contravene the plainest principles of justice to allow a married woman to get possession of property under an engagement not binding upon

her, and let her repudiate her contract and keep the property. She must observe and keep her engagement, or else return the property.'' It is a poor rule that will not work both ways. Thus where, as in this case, a married woman engages to purchase property upon a contract not enforceable against her personally, and pays to the vendor a part of the purchase money in cash, she cannot recover the money so paid in the absence of a showing that the vendor had failed or refused to perform the contract on his part, or was unable or unwilling to do so. The protection which the law throws around married women, by making certain contracts unenforceable against them personally, was intended to operate as a shield of defense and not as a sword of offense. This charge was, therefore, erroneous.

Reversed.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.