GLADYS COOK, by her husband and next friend, HILTON COOK, and HILTON COOK, individually, v. LEWIS K. LIGGETT COMPANY, INC.

171 So. 522.

Opinion Filed December 23, 1936.

*Hawthorne & Morehead,* for Plaintiffs in Error;

*Patterson, Blackwell & Knight,* for Defendant in Error.

Brown, J.—This case is before us on motion to dismiss writ of error sued out by Gladys Cook, one of the plaintiffs in the court below.

The action in the court below was brought by "Gladys Cook, by her husband and next friend, Hilton Cook, and Hilton Cook individually, plaintiffs, v. Lewis K. Liggett Company, Inc., a corporation, defendant."

The declaration contained two counts. In the first count Gladys Cook sought to recover damages for personal injuries to herself alleged to have been caused by the negligence of the defendant. In the second count the husband claimed damages in his own right, as a result of such alleged injuries to his wife, alleged to have been caused by the negligence of defendant as alleged in the first count. The damages so claimed by the husband were the loss of the services of his wife, loss of consortium, companionship, etc.

This joinder of two separate causes of action of this nature is expressly authorized by Section 4226 C. G. L.

A demurrer going to both counts of the declaration was sustained by the court below, and the plaintiffs declining to plead further, judgment was entered against both plaintiffs, that they "take nothing by this suit, and that defendant go hence without day." Some fourteen months later this writ of error was sued out by Gladys Cook. No writ of error has been sued out by her husband or in his behalf.

The motion to dismiss this writ of error is based on the fact that it was not sued out until more than six months after rendition of judgment, whereas Section 4619 C. G. L. requires that writs of error in civil actions shall be sued out within six months. The motion is resisted on the ground that Section 4620 provides that "where a married woman shall be a party to any such judgment she shall be

allowed two years in which to sue out writ of error upon the same," etc.

The general rule that where there is a joint judgment against two or more defendants, those desiring to prosecute writ of error therefrom must sue out the writ in the names of all, does not apply here, as the reason for the rule does not exist here, as we are dealing with two separate causes of action. Then, too, the language of Section 4620 expressly allows a married woman to sue out a writ of error to any judgment to which she was a party. The judgment of the court below, as against the husband, is final, no writ of error having been sued out by him within six months, and the wife could not have brought it here if she had tried to.

While the action should have been brought in the court below, under said Section 4226 C. G. L., by the parties plaintiff as husband and wife, or as wife and husband, that point is not raised here. A married woman sues *by next friend* only in equity. Miami Jockey Club v. Aiken, 120 Fla. 544, 163 So. 51; Miller v. Ellenwood, 121 Fla. 551, 164 So. 140. The fact remains that both the wife and the husband joined as parties plaintiff in the action below.

Section 4620 C. G. L. provides that: "Where a married woman shall be party to any such judgment" (evidently referring to "judgments in civil actions," dealt with in the preceding section) "she shall be allowed two years in which to sue out writ of error upon the same." The constitutionality of this statute is not questioned here. This writ of error was sued out by Gladys Cook, a married woman, the husband not being joined in suing out the writ. This was done in strict accordance with the statute.

Therefore, the motion to dismiss and quash the writ of error is denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.