THOMAS W. STOWE, *et al.,* v. OLIVE B. BRICKELL, a widow.

194 So. 609

Division A

Opinion Filed February 13, 1940

Rehearing Denied March 29, 1940

*Blackwell & Walker,* for Appellants;

*Edward E. Fleming* and *Robert F. Underwood,* for Appellee.

BUFORD, J.—The history of this case is stated in an opinion by Mr. Justice Brown and need not be stated in further detail.

The record shows that Olive B. Brickell, then mortgagee of certain premises became by purchase and assignment to her the owner of certain tax sale certificates covering the lands for the years 1926, 1927 and 1928 and that while she was the owner and holder of such certificates, in 1933, William M. Maddox foreclosed tax deed issued on the certificate for the unpaid taxes of 1929 and made Olive B. Brickell party defendant to that suit, alleging that she claimed some interest in the land.

Decree *pro confesso* was taken against Olive B. Brickell. Therefore, she is bound by decree in that case.

It appears that the law is well settled in this State that where a mortgagee not obligated or bound to pay taxes acquires tax certificates on the property covered by the mortgage, such acquisition of tax certificates constitutes a payment of the taxes and the mortgage lien is thereby increased to the extent of such payment of taxes. (See Miller, *et al.*, v. Ellenwood, *et al.*, 121 Fla. 551, 164 Sou. 140.)

When the mortgage lien was so increased by such payment of taxes it was the duty, under the factual conditions of this case, for the holder of the mortgage and the involved tax certificates to set up her claim in the original suit brought to foreclose a tax deed based on a tax certificate subsequently issued, to which suit she was made a party, and, failing to set up her claim in that suit, she is now in a suit by her against Maddox estopped to rely upon the lien of her certificates against the purchaser at the sale under foreclosure of the tax deed by Maddox.

The final decree in the Maddox suit adjudicated,

"IT IS FURTHER ORDERED that in the event of sale that

the defendants, Olive B. Brickell, a widow, individually and as Executrix of the estate of William M. Brickell, deceased, George M. Brickell and Lizzie Brickell, his wife, Brickell Estates Co., a Florida Corporation, and United States of America, and all other persons claiming by, through or under them, any interest in the land described, be barred and forever closed of all equity of redemption and right, title and interest or claim in and to said premises and every part and parcel thereof."

This decree becoming absolute, forever foreclosed Olive B. Brickell of any title to or lien upon any interest in the land involved.

So the decree should be reversed.

So ordered.

Reversed.

TERRELL, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—This is an appeal from a final decree rendered by the Circuit Court of the Eleventh Judicial Circuit in and for Dade Couney.

Appellee Olive B. Brickell, plaintiff in the trial court, brought suit on August 26, 1937, to foreclose certain tax certificates for state, county and municipal taxes for the years 1926, 1927 and 1928, said certificates being owned by her. The City of Miami, party defendant, appeared and filed disclaimer; appellee filed motion for dismissal as to defendants, William H. Maddox and his wife Margaret T. Maddox; the remaining defendants filed separate answers.

The answers of defendants—appellants here—alleged in substance that in a former suit involving the same property William H. Maddox had in 1933 foreclosed a tax deed issued

on tax certificates for the year 1929 against the property, alleging in his bill of complaint that "Brickell Estates Co., a Florida corporation, was the owner of the fee simple title to the above described premises at the time of the issuance of said tax deed, that the defendant, Olive B. Brickell, a widow, individually and as Executrix of the Estate of William M. Brickell, deceased, and George M. Brickell, and Lizzie Brickell, his wife, and Marion Short, a *feme sole,* each claim to have some right, title or interest in and to the above described property, the exact nature of said right, title or interest being to complainant unknown."

Decree *pro confesso* was taken against Olive B. Brickell, individually and as Executrix of the Estate of William M. Brickell, deceased, and Brickell Estates Company.

It appears that appellee here was joined as defendant in the former suit by reason of a mortgage which she held. As such mortgagee, she obtained the tax certificates sought to be foreclosed in the present action.

The prior suit progressed to judgment and a final decree was rendered by the court ordering a sale of the property at public auction. Such sale was made and confirmed, William H. Maddox purchasing and taking possession of the property. There was no provision in the final decree for the payment of outstanding taxes or certificates, and there is nothing in the record to show that such taxes have been paid.

The final decree recited that the purchaser at the tax sale "shall thereafter have the possession and occupance and full and free enjoyment of said premises, free and clear and discharged from any and all claims, demands, right, title or interest either legal or equitable, of the said defendants in said suit or any persons, parties, firms, or corporations claiming by, through or under either or any of them."

William H. Maddox and his wife conveyed the property by warranty deed to Thomas W. Stowe and his wife on August 17, 1935, who executed a mortgage to First Federal Savings and Loan Association of Miami, all of these parties being joined as defendants in this suit. Final decree was rendered therein on March 25, 1938, on bill and answer, decreeing foreclosure and sale of the property, unless the defendants promptly redeemed by paying said tax certificates, and appointing a Special Master to make such foreclosure sale. From such decree this appeal was taken.

In their brief appellants rely, *inter alia,* on the doctrine of merger, contending that the taxes paid by the mortgagee are merged with the mortgage, the whole amount constituting but a single lien on the land. Numerous decisions from other jurisdictions are cited. It is the law in this State, however, that a mortgagee, not in possession and under no obligation to pay, who pays taxes or purchases tax certificates outstanding against the mortgaged land, to protect his security, is subrogated to the paramount governmental lien represented by the certificates so purchased, or the taxes thus paid. Prudential Insurance Co. of America v. Baylarian, *et al.,* 124 Fla. 259, 168 So. 7; Federal Land Bank of Columbia v. Brooks, 139 Fla. 506, 190 So. 737.

The controlling question before us is whether or not the original suit foreclosing the tax deed was an adjudication of all the rights of appellee in the property so as to estop her from enforcing her tax certificates as a lien on the property.

Nowhere in the record is there any showing that any mention was made of the outstanding tax certificates held by appellee in the prior suit. Had there been a provision in the final decree in that suit that all outstanding taxes and

certificates should be paid, and they had actually shared pro rata in the proceeds of the sale, appellee would have been estopped from asserting her liens. However, such was not the case.

Appellants, in their brief, rely in part on the proposition that the holder of a mortgage on property cannot acquire a tax title in the property and thereby defeat the title of the mortgagor. This is entirely correct where there is a mortgagor-mortgagee relationship and the mortgagee tries to so defeat the title of the mortgagor by purchasing tax certificates, but as to third parties, asserting a tax lien on the property, the principle is not applicable. Nor is the rule that in a suit to foreclose a mortgage the mortgagee, having failed to add the amount of taxes he has paid to his mortgage lien, is estopped from later setting them up in another suit, here applicable, as is contended by appellants.

In the doctrine of *res judicata,* we can find nothing which governs the present case. The rule is well settled that a party cannot re-litigate matters which he might have interposed, but failed so to do, in a former action between the same parties and their privies in reference to the same subject matter. A judgment in such a case is final and conclusive upon the parties, not only as to the matter actually determined, but also as to every other matter which the parties might have litigated and had decided as necessarily incident to or essentially connected with the subject-matter of the litigation within the purview of the original action. Jones v. Morgan, *et al.,* 59 Fla. 542, 52 So. 140; Hays v. Salisbury, *et ux.,* 92 Fla. 446, 109 So. 617; Wade v. Clower, 94 Fla. 817, 114 So. 548.

It is an equally well settled rule that when the second suit is upon *a different cause of action,* but between the same parties as the first, the judgment in the former action operates as an estoppel in the latter as to every point and

question which was actually litigated and determined in the first action; but it is not conclusive relative to other matters which might have been, but were not, litigated or decided. Smith v. Pattishall, 127 Fla. 475, 173 So. 355; 129 Fla. 498, 176 So. 568; Harrison v. Remington Paper Co., 140 Fed. 385, 72 C. C. A. 403, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314; Prall v. Prall, 58 Fla. 496, 50 So. 876, Text 870, 26 L. R. A. (N. S.) 577; Scott v. Scott, 83 Conn. 634, 78 A. 314, 21 Ann. Cas. 965. Where the record is such that there is or may be a material issue, question, or matter in the second suit upon a different cause of action, which may not have been raised, litigated, and decided in the former action, the judgment therein does not constitute an estoppel from litigating this issue, question or matter, unless by pleading or proof the party asserting the estoppel establishes the fact that the issue, question or matter in dispute was actually and necessarily litigated and determined in the former suit. Harrison v. Remington Paper Co., *supra;* Prall v. Prall, *supra;* Cromwell v. County of Sac., 94 U. S. 351, 24 L. Ed. 195; Union Cent. Life Ins. Co. v. Drake, 214 Fed. 536, 131 C. C. A. 82.

In Prall v. Prall, *supra,* this Court has laid down the rule that the test of the identity of causes of action to determine the question of *res judicata* is the identity of the facts essential to the maintenance of the action, and if there is any uncertainty, the burden of showing the same is on the party claiming the benefit of the former judgment. Jackson v. Bullock, 62 Fla. 507, 57 So. 355; Hays v. Salisbury, *supra.* And in McKinnon v. Johnson, 59 Fla. 332, 52 So. 288, after stating the same proposition as in the Prall case, *supra,* it was held that it is the essence of estoppel by judgment that it be made certain that the precise facts were determined by the former judgment.

From this it is easy to see that the doctrine of *res judicata*

is not applicable to the present case, the suit being one in which the parties or privies are the same, but in which the subject-matter is not the same.

The Constitution of Florida does not regulate tax liens; the subject is controlled by statutes. The statutes contain the following:

"All taxes imposed pursuant to the Constitution and laws of this State shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in full force and effect until discharged by payment." Section 894, C. G. L.; Sec. 1, Chap. 14572, Acts of 1929, Ex. Sess.; Chap. 10040, Acts of 1925.

"It shall be the duty of all sheriffs, commissioners, masters in chancery, or other officers, whose duty it shall be to make sale of any property under the process or order of any court, to pay from the proceeds of such sale, after the payment of the costs of the proceedings wherein the said sale is made, and the counsel fees if any allowed by the court, all taxes state, county and municipal, which may be assessed, due and unpaid against the said property, including any and all sums which may be required to be paid to redeem the same from the lien of all back taxes to tax cer- tificates outstanding against the same." Section 954, C. G. L.

"All real and personal property shall be subject to taxation on the first day of January of each year, and this Chapter shall create a lien upon such property for the purposes thereof superior to all others, which lien in addition to the provisions of this Chapter for the collection of taxes on personal property may be enforced by suit in equity." Section 896, C. G. L.; Section 3, Chapter 5596, Acts of 1907.

Mr. Justice WHITFIELD, in speaking for the Court of these sections of the statutes, and of Chapter 14572, Acts

of 1929 Ex. Sess., has said, in City of Sanford v. Dial, 104 Fla. 1, 142 So. 233:

"Administrative tax deeds issued upon tax sale certificates are required by statute to contain the following:

" 'Provided, however, that said land shall continue subject and liable for any unpaid taxes thereon.' Sec. 1003 (779) C. G. L. 1927, amended by Chapter 14572, Acts of 1929 (Ex. Sess.) Section 1003 (779) Cum. Supp. of 1932 to C. G. L. 1927. * * *

"A purchaser at a tax lien foreclosure sale under Chapter 14572 takes subject to liens for state and county taxes and municipal taxes and special assessments, that are not past-due when the foreclosure decree is rendered. If any such taxes or special assessments upon the land involved become past-due and are unpaid before suit is brought or pending final decree in the suit, they should all be duly adjudicated by original or supplemental proceedings and appropriate decree in the cause, in order that such liens for past-due taxes and special assessments may be extinguished, and a title 'indefeasible as to all parties defendant in the action' may be passed to the purchaser at the foreclosure sale as contemplated by Section 28, Chapter 14572.

"In this suit brought to foreclose the lien of state and county tax sale certificates, the municipality, having special assessment liens on the land as well as others claiming interest in the land, were made parties. It is not alleged that the city or its assignee has *tax* liens against the land. The proceeds of the foreclosure sale should be applied first, to all liens for past-due and unpaid taxes, including those held by the municipality or its assignee if any, as well as those held by the complainant or by the state; second, to the past-due special assessments; and then to the private parties having an interest in the land, as may be required by law and appropriate decree. The sale will be subject to liens

for taxes and special assessments which will thereafter become due and to past-due tax and special assessments liens not duly adjudicated and extinguished."

While Chapter 14572 has been repealed in part by Chapter 17442, Acts of 1935, we must consider that chapter in ascertaining the law in force at the time the original suit by Maddox on the tax deed was brought and decided.

The statutes themselves make it clear that until taxes on property are paid, such taxes remain a first lien thereon, and this Court has so held, as was shown in City of Sanford v. Dial, *supra.*

The statutes contemplate that as to every party to the suit the title obtained at foreclosure sale shall be "indefeasible," but the statutes also contemplate that every party defendant to the suit shall have all his right, title, and interest put in issue and adjudicated, and in the absence of such complete adjudication, where the failure is in respect to tax liens, these tax liens shall remain in force until paid or adjudicated in a suit for that purpose. It is incumbent upon the one bringing foreclosure suit in equity upon tax liens to make known by way of recital in his bill all those tax certificates and other liens which appear of record if he expects to enable the Court to do complete justice and get a good and "indefeasible" title in the property for himself. In the absence of such showing the party buying under the foreclosure sale may be divested of his rights or interests in the property through foreclosure of prior tax certificates, omitted from the adjudication in the first suit, unless, under the facts in the case, the court permits him to redeem before foreclosure sale by paying the adjudicated amount due on said prior tax certificates, as was provided for in this case.

For the foregoing reasons, I think that the decree of the Court below was correct, and should be affirmed. I must, therefore, dissent.